**Norman GILBERT, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 89–53.**

United States Court of Veterans Appeals.

Submitted June 6, 1991.

Decided Aug. 2, 1991.

Ronald L. Smith, was on the pleadings, Washington, D.C., for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Stephen A. Bergquist, were on the pleadings, Washington, D.C., for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

PER CURIAM. NEBEKER, Chief Judge, concurring, filed separately.

MEMORANDUM DECISION

PER CURIAM:

On October 12, 1990, this case was remanded to the Board of Veterans' Appeals (Board) pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)) to provide "reasons or bases" in accordance with 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)) and for an explanation why the veteran was not entitled to the "benefit of the doubt," 38 U.S.C. § 5107(b) (formerly 3007(b)). *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). The Court retained jurisdiction over the appeal. On April 30, 1991, the Court was informed by the Secretary that on April 5, 1991, the Board had prepared a Supplemental Decision in compliance with the Court's remand. In a May 10, 1991, Order, the Court gave appellant the option of filing a supplemental brief by May 24, 1991; in the event appellant chose to exercise this option, appellee was afforded 14 days after service of appellant's supplemental brief to file a response. On June 6, 1991, appellant filed out of time a Motion for Summary Reversal. The Secretary did not respond.

Appellant's motion for summary reversal argues that the Board failed to give due consideration to the types, places, and circumstances of the veteran's service pursuant to 38 U.S.C. § 354(b) (1988). It is apparent from a review of the detailed decision of April 5, 1991, that appellant's argument is without merit. Moreover, the Board's Supplemental Decision of April 5, 1991, provided ample reasons and bases for the denial of service connection and for the determination that the benefit of the doubt doctrine did not compel a decision in favor of the veteran.

Upon careful consideration of the pleadings of the parties and the record before this Court, it is the holding of this Court that the veteran has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed. Cir.1990). Therefore, it is

ORDERED that appellant's motion for summary reversal is deemed timely filed and is DENIED; and it is further

ORDERED that the April 5, 1991, decision of the Board of Veterans' Appeals is AFFIRMED.

NEBEKER, Chief Judge, concurring.

I note with concern the candid, yet offhanded, way in which appellant's counsel acknowledges that he has not previously raised the issue, application of 38 U.S.C. § 354(b), which is the basis for the present motion for summary reversal. While I would otherwise agree with analysis provided by the majority, because the issue could have been and was not raised in appellant's initial appeal and is not directly related to the purpose for which the case was remanded, compliance with 38 U.S.C. § 7104(d)(1) (formerly 4004(d)1), I would

deny the motion on the basis that the issue has been waived.

In *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990), this Court previously noted that,

> [a]dvancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation. *Cf. Flanagan v. United States*, 465 U.S. 259, 263–64 [104 S.Ct. 1051, 1053–54, 79 L.Ed.2d 288] (1984); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373–74 [101 S.Ct. 669, 672–73, 66 L.Ed.2d 571] (1981) (the finality doctrine requires that all errors made at the trial court level be included in a single appeal).

That we considered the arguments belatedly raised by the Secretary in *Fugere* is best characterized as the exception rather than the rule.

If, as in this case, an appellant believes that the Board of Veterans' Appeals has not applied a statute or regulation which is to the appellant's advantage, there is nothing which precludes him from assigning as error the Secretary's asserted omission. My view of the issues which may be legitimately raised after a case has been remanded are those which were raised in the initial appeal and those which are directly related to the purpose for which the case in remanded. Appellant's initial appeal limited his assignments of error to whether factual findings by the Board were clearly erroneous pursuant to 38 U.S.C. 7261(a)(4) (formerly 4061(a)(4)). Because the factual findings of the Board were not supported by reasons or bases which the Court could review, the case was remanded for compliance with the requirement of 38 U.S.C. § 7104(d)(1) that the Board provide an adequate statement of reasons or bases. An appeal from the supplemental decision of the Board should thus be limited to whether the Board complied with the Court's order to furnish an adequate statement of reasons or bases and whether the findings initially challenged as clearly erroneous were in fact so.

Because the issue of whether § 354(b) was properly considered by the Board was not raised in appellant's initial brief and because it is not directly related to the purpose for which the case was remanded, I would deny his motion on the grounds that the issue has been waived. *Cf. McCleskey v. Zant*, — U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (failure to include issue in initial petition for habeas corpus relief constitutes an abuse of the process except for narrow exceptions).