Patrick F. BLACK, Jr., Appellant,

v.

Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.

No. 95–47.

United States Court of Veterans Appeals.

Jan. 12, 1998.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS, STEINBERG, and GREENE, Judges.

## ORDER

PER CURIAM:

On June 17, 1997, the Court denied a request by a judge for en banc review. On July 28, 1997, the appellant, through counsel, filed an unopposed motion for a 90-day extension of time until October 27, 1997, to file a motion for reconsideration. On October 27, 1997, the appellant filed a motion for reconsideration.

It not appearing that review by the full Court is necessary either to address a question of exceptional importance to the administration of laws affecting veterans' benefits or to secure or maintain uniformity of the Court's decisions, it is

ORDERED that the appellant's motion for reconsideration is denied.

KRAMER, Judge, with whom STEINBERG, Judge, joins, dissenting:

For the reasons set forth in Judge Kramer's dissenting opinion, *Black v. Brown*, 10 Vet.App. 279, 285–86 (1997) (Kramer, J., dissenting), which was incorporated in our dissenting statement accompanying the Court's June 17, 1997, per curiam order denying en banc review, and because we believe that that panel opinion departs from the Court's established precedent, we voted for the appellant's motion that the Court reconsider its

June 17, 1997, denial of en banc review. *See* U.S. Vet.App. R. 35(c) (full Court review is indicated when necessary to "maintain uniformity of the Court's decisions"). We believe that the appellant's claim for service connection for heart disease is well grounded and should be remanded for adjudication by the Board of Veterans' Appeals.

STEINBERG, Judge, with whom KRAMER, Judge, joins, dissenting:

As set forth in Judge Kramer's dissent, we would find the claim well grounded. However, the majority has decided otherwise, *Black v. Brown*, 10 Vet.App. 279, 284 (1997), and that will clearly be the law of the case.[1] Hence, we want to address the appellant's alternative ground for his motion that the Court consider its prior denial of en banc review.

### A. Appellant's Contentions

The appellant argues first that the Court's decision in *Gilbert v. Derwinski*, 1 Vet.App. 49, 55 (1990), was wrong in part and that the Department of Veterans Affairs (VA) has a statutory duty under 38 U.S.C. § 5107(a) to assist a claimant in developing his or her claim even in the absence of a well-grounded claim. The appellant also contends that the Court's opinion in *Black* erred in failing to follow VA rules having the force of law that would require the Secretary to obtain a medical examination that could offer an opinion on whether there is a nexus between, inter alia, the shrapnel wounds that he incurred in service and his heart disease. Most particularly, the appellant argues that such a duty to assist—independent of section 5107(a)—has been undertaken by VA in regulations contained in 38 C.F.R. §§ 3.103(a) and 3.159(a) (1997) and in numerous provisions of the VA Adjudication Procedure Manual M21–1 [hereinafter Manual M21–1] that he argues have regulatory force, specifically, Part III, ¶ 1.03(a) (Feb. 23, 1996); Part III, ¶ 2.01(a) (Sept. 14, 1992); Part VI, ¶ 2.10(f) (Aug. 5, 1996); and Ch. 4, ¶ 4.03(a) (Sept. 7, 1988). The appellant relies primarily on

---

1. *See Chisem v. Brown*, 8 Vet.App. 374, 375 (1995); *Browder v. Brown*, 5 Vet.App. 268, 270 (1993); *see also Kori Corp. v. Wilco Marsh Bug-gies & Draglines, Inc.*, 761 F.2d 649, 657 (Fed. Cir.1985).

¶ 1.03(a), which provides: "Before a decision is made about a claim being well grounded, it will be fully developed."

***1. Belated raising:*** We note that the appellant raises these contentions for the first time at the reconsideration stage. Normally, this is an undesirable practice: "Advancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation." *Fugere v. Derwinski,* 1 Vet.App. 103, 105 (1990). However, neither the Court's rules nor its precedents preclude such a practice. *See* U.S. VET. APP. R. 35(e) ("motion for reconsideration ... must state the points of law ... which the party believes the Court has ***overlooked*** or misunderstood" (emphasis added)). Indeed, this Court has clearly recognized that considering "arguments belatedly raised ... is best characterized as the exception rather than the rule". *Gilbert v. Derwinski,* 1 Vet.App. 61, 63 (1991) (per curiam order) (Nebeker, C.J., concurring); *see id.* at 62 (Court considers issue of law not included by appellant in assignments of error in initial appeal over which Court had retained jurisdiction); *Fugere, supra* (Court "determined that it would be more appropriate, at least in this case, to give due consideration to the positions belatedly raised by the Secretary" on motion for panel reconsideration). Here, where the appellant acquired representation only after his appeal had been denied by the Court and his counsel now raises legal arguments on reconsideration that a pro se appellant could not have been expected to have raised previously by himself, it is appropriate, just as the Court concluded in *Fugere* and *Gilbert,* both *supra,* to make an exception to the general rule.

***2. Statutory ground:*** As to the portion of the appellant's motion regarding revisiting *Gilbert, supra,* and the scope of section 5107(a), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has very recently, in effect, rejected the appellant's challenge to *Gilbert*'s interpretation of section 5107(a) and decided expressly that VA's duty to assist under section 5107(a) attaches only after a claimant submits a well-grounded claim. *Epps v. Gober,* 126 F.3d 1464, 1469 (Fed.Cir.1997) (" § 5107(a) requires a claimant to submit and establish a 'well grounded' claim before [VA] is ***required*** to provide assistance to a claimant in developing the facts" (emphasis added)).

***3. Regulatory ground:*** As to the appellant's contention that the Secretary was obligated under 38 C.F.R §§ 3.103(a) and 3.159(a) and the Manual M21–1 to seek to obtain a VA medical examination—although, as we noted at the outset, the Court should not have to reach this ground—we would not wish to proceed to a vote on the reconsideration motion until the Court had received the benefit of the Secretary's views on the appellant's second contention. *See* U.S. VET.APP. R. 35(g) ("No response to a [motion for reconsideration] under this rule may be filed unless requested by the Court, but a motion for review ordinarily will not be granted without such a request.").

In this regard, the Federal Circuit in *Epps,* 126 F.3d at 1467–69, ruled expressly on when section 5107(a) requires claims development (only when the claimant has submitted a well-grounded claim) and does not appear to have addressed specifically the extent to which VA, by regulation and the Manual M21–1, may have imposed on itself a duty to develop claims that are not well grounded or have not yet been determined to be well grounded. In *Sarmiento v. Brown,* 7 Vet.App. 80, 85–86 (1994), this Court held that, even when the section 5107(a) duty to assist was not triggered, "the Secretary has taken upon himself [in 38 C.F.R. § 3.203(c) ] an affirmative non-statutory duty to 'request verification of service from the service department' ", "a voluntarily assumed regulatory duty" that is "not ... contingent upon the submission of a well-grounded claim", and the Court there remanded the case for the Board to fulfill that regulatory obligation to develop the record. *See also Carbino v. Gober,* 10 Vet.App. 507, 510–511 (1997) (quoting numerous Manual M21–1 provisions in which the Secretary "appears to volunteer" assistance to claimants). Indeed, in his briefs to the Federal Circuit, the appellant in *Epps* never raised that question but cited to

the regulatory and Manual M21–1 provisions *only* as evidence of VA's longstanding interpretation of the statutory mandate of section 5107(a). *See* Appellant's Brief (Br.) in *Epps,* No. 97–7014, at 29–34 (Br. dated Jan. 24, 1997); Appellant's Reply Br. in *Epps,* No. 97–7014, at 4–6 (Reply Br. dated Apr. 10, 1997).

Furthermore, the Secretary stated in his brief before the Federal Circuit in *Epps:*

Pursuant to its general policy of assisting claimants, VA often provides certain types of assistance without requiring a showing that the claim is well grounded. Section 3.159 of title 38, Code of Federal Regulations, states that VA will assist claimants by requesting pertinent evidence from governmental and non-governmental sources, and the regulation does not expressly limit such assistance to cases where the claimant has established that the claim is well grounded.

Secretary's Br. in *Epps,* No. 97–7014, at 20–21 (Br. dated March 24, 1997). Regarding the existence of discretionary authority for the Secretary to provide claims-development assistance not *mandated* by section 5107(a), the Federal Circuit did not mention in *Epps* either the preambulatory language of section 5107(a), "Except when otherwise provided by the Secretary in accordance with the provisions of this title", or the authority in 38 U.S.C. § 501(a)(1) and (3) for the Secretary to prescribe "all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and are consistent with those laws, including ... (1) regulations with respect to the nature and extent of ... evidence ... and the method of taking and furnishing [it and] (3) the methods of making ... medical examinations". *See Carbino,* 10 Vet.App. at 510 ("*Epps* decision ... appears not to have addressed either the first clause of § 5107(a) or its relationship to Manual M21–1"). Moreover, as to the interpretation of statutory and regulatory provisions involving VA, in *Allen v. Brown* this Court adopted the Supreme Court's statement in *Brown v. Gardner,* 513 U.S. 115, 118, 115 S.Ct. 552, 555, 130 L.Ed.2d 462 (1994), that if a statute is ambiguous "interpretive doubt is to be resolved in the veteran's favor" (citing *King v. St. Vincent's*

*Hosp.,* 502 U.S. 215, 220–221, n. 9, 112 S.Ct. 570, 573–574, n. 9, 116 L.Ed.2d 578 (1991)). *Allen v. Brown,* 7 Vet.App. 439, 446 (1995) (en banc) (applying *Gardner* statement to resolve statutory interpretive doubt in favor of veteran). *See also Smith (William) v. Brown,* 35 F.3d 1516, 1523 (Fed.Cir.1994) (rules of statutory construction apply to construction of regulatory provisions).

Finally, the Court "has held that [certain] Manual M21–1 provisions ... are substantive rules that are 'the equivalent of [VA][r]egulations'". *Cohen v. Brown,* 10 Vet.App. 128, 138–39 (1997) (quoting *Hayes v. Brown,* 5 Vet.App. 60, 67 (1993)); *Fugere,* 1 Vet.App. at 107–08.

### B. Need for Further Briefing

Against this background, we believe that the Court, if it is not going to find the claim well grounded, should order the Secretary to answer the following questions before disposing of the appellant's motion for reconsideration as to whether there is a regulatory and/or Manual M21–1 (*see Carbino,* 10 Vet. App. at 510–511 (listing numerous Manual M21–1 provisions pertaining to providing claims-development assistance to VA claimants)) duty to "fully develop" or otherwise provide claims-development assistance as to a claim that is not well grounded or has not yet been determined to be so:

1. (a) To what extent does the Federal Circuit's opinion in *Epps, supra,* the preambulatory language in section 5107(a), and the above-quoted authority from 38 U.S.C. § 501(a)(1) and (3) affect whether the Secretary has discretionary authority to undertake to provide claims-development assistance to claimants who have not submitted well-grounded claims, *see Sarmiento, supra,* or prior to VA's making a decision on well groundedness; and (b) does the term "such a claimant" in the second sentence of section 5107(a) also include a person who submits a claim under conditions covered by the preambulatory language in the first sentence of section 5107(a)?

2. In view of the answers to question 1 and in light of the above quotation from

the Secretary's *Epps* brief and the interpretive rules in *Gardner, Smith,* and *Allen,* all *supra,* (a) what claims-development duties has the Secretary undertaken in 38 C.F.R. §§ 3.103(a) and 3.159(a) and the Manual M21–1 in the absence of a well-grounded claim or prior to the determination of well groundedness; (b) if there are any such duties in the Manual M21–1, are they regulatory in nature, *see Cohen* and *Fugere,* both *supra;* and (c) did VA in this case fail to fulfill any regulatory duty to the claimant in terms of the Secretary's obtaining a VA examination to address the question of nexus, or otherwise, or fail to comply with any other regulatory—or Manual M21–1–based duty?

3. In view of the answers to questions 1 and 2, are any of the pertinent regulatory or Manual M21–1 provisions not authorized by law?

### C. Conclusion

Accordingly, for the foregoing reasons as well as those expressed in Judge Kramer's dissenting statement, we respectfully dissent from the Court's denial of the appellant's motion for reconsideration.