# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-774

WALTER W. BURTON, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and HOLDAWAY and STEINBERG, *Judges*.

## O R D E R

The appellant, Walter W. Burton, appeals, through counsel, an April 1999 Board of Veterans' Appeals (Board) decision, which denied increased ratings for hemorrhoids and pericarditis and determined that new and material evidence had not been presented to reopen previously and finally disallowed claims for service connection for a low back disorder, schizophrenia, and a rash. On April 23, 2001, the Court, in a single-judge order, remanded, as required by the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), that part of the decision of the Board that denied compensable ratings for hemorrhoids and pericarditis. Because the appellant did not present argument, in his brief, on the issues of new and material evidence to reopen claims of entitlement to service connection for a low back disorder, schizophrenia, and a rash, the Court deemed those claims abandoned.

On May 14, 2001, the appellant filed a timely motion for reconsideration or a panel decision. He first submits that, although he agrees that his claims for compensable ratings for pericarditis and hemorrhoids should be remanded for consideration of the provisions of the VCAA, the Court should reconsider its findings and specifically order the Board to address the additional alleged deficiencies he asserted in his brief. On November 28, 2000, the Court sent to the appellant a copy of the Court's miscellaneous order, *In re: Veterans Claims Assistance Act of 2000,* 15 Vet.App. 27 (2000) (en banc order), *rescinded by In re Rescission of Misc. No. 4-00,* 2001 U.S. Vet. App. LEXIS 1010 (Aug. 31, 2001), which invited responses by any party to any appeal as to the impact of the VCAA on the disposition of that appeal. The appellant did not respond to that order before the Court initially ruled on his claims more than four months later. Because the appellant did not reply in the normal course of appellate review to the Secretary's brief that requested a VCAA remand, his action in raising this matter in a motion for reconsideration is ill timed. *See id.* ("[f]ailure of the opposing party to file a timely response [to a motion or other paper filed regarding the VCAA under this miscellaneous order] may be considered that party's consent to any action recommended in that motion or other paper"); *cf. Black v. West*, 11 Vet.App. 15, 16 (1998) (per curiam order) (Steinberg, J., dissenting) (raising contention for first time at reconsideration stage is normally an "undesirable practice" that may "hinder[] the decision-making process" and "raise[] the undesirable specter of piecemeal

litigation'" (quoting *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990)). We should not encourage the kind of piecemeal litigation in which the appellant here has engaged.

The appellant also asks the Court to reconsider its finding that his claims pertaining to a low back disorder, schizophrenia, and a rash were abandoned and to remand those claims for readjudication pursuant to the VCAA. The appellant contends that he did not abandon these issues, but that he did not address these issues in his brief because, at the time, he felt that the Board had fulfilled its duties to assist and notify under the then existing law with regard to those issues. The Court is sympathetic to the fact that the appellant filed his brief before the enactment of the VCAA. However, again the appellant did not reply in the normal course of appellate review. The Court notes that three months after the enactment of the VCAA the Secretary filed a response brief raising the issue of abandonment and that the appellant did not exercise his option to file a reply brief in order to respond to the Secretary's argument that the appellant had abandoned his claims. The Court has consistently held that issues not argued in the appellant's initial brief or reply brief are deemed abandoned. *Ford v. Gober*, 10 Vet.App. 531, 535 (1997); *Bucklinger v. Brown*, 5 Vet.App. 435, 436 (1993); *cf. Henderson v. West*, 12 Vet.App. 11, 18-19 (1998) (deeming claims abandoned where appellant did not address them in initial brief, but asserted them in reply brief).

Upon consideration of the foregoing and the record on appeal, it is

ORDERED, by the single judge, that the appellant's motion for reconsideration is denied. It is further

ORDERED, by the panel, that the appellant's motion for a panel decision is denied.

DATED:       November 8, 2001              PER CURIAM.

2