# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-2454

CHARLES F. CYCHOLL,                                        APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                            APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY,
HOLDAWAY, IVERS, STEINBERG, and GREENE, *Judges*.

## O R D E R

In a panel opinion dated December 19, 2001, the Court granted the appellant's application under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), for attorney fees and expenses in the amount of $2,956.87. *Cycholl v. Principi*, 15 Vet.App. 355 (2001). On January 9, 2002, the Secretary filed a timely motion for reconsideration and an alternative motion for a full Court decision. Motions for a full Court decision are not favored. Ordinarily they will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance. *See* U.S. VET. APP. R. 35(c).

Upon consideration of the foregoing and the parties' prior pleadings, it is

ORDERED by the panel that the Secretary's motion for reconsideration is denied. It is further

ORDERED by the full Court that the Secretary's motion for a full Court decision is denied.

DATED:        March 21, 2002                    PER CURIAM.

STEINBERG, *Judge*, concurring:  I voted to deny the Secretary's motion for panel reconsideration and his alternative motion for a full-Court decision, but want to set forth my reasons for doing so because the Secretary presents in his motion several new arguments and citations not included in his EAJA response.

First, of course, the Secretary should have submitted these arguments in his original response. The Court has long made clear that it discourages piecemeal litigation. *See Burton v. Principi*, 15 Vet.App. 276, 277 (2001) (per curiam order) ("[w]e should not encourage the kind of piecemeal litigation in which the appellant here has engaged"); *Black v. West*, 11 Vet.App. 15, 16 (1998) (per curiam order) (Steinberg, J., dissenting) (raising contention for first time at reconsideration stage is

normally an "undesirable practice" that may "hinder[] the decision-making process" and "raise[] the undesirable specter of piecemeal litigation" (quoting *Fugere v. Dewinski*, 1 Vet.App. 103, 105 (1990))). However, because of the importance of the issue, I will explain why the Secretary's new arguments are unavailing.

The Secretary argues that the appellant is not a prevailing party because, inter alia, "the Court's remand order in this case resolved no dispute on the merits." Motion (Mot.) at 3. The Secretary further contends that "the administrative error spoken to must be one which resolves a dispute over or has an impact on the substantive merit of the Board's decision to deny benefits." *Ibid.* He argues that, because such "error" was not found in this case, "there is no judgment on the merits and the [a]ppellant is not a prevailing party." *Ibid.* In support of this theory, the Secretary points out that in *Shalala v. Schaefer*, 509 U.S. 292 (1993), the principal case that this Court relied on in its seminal opinion in *Sumner v. Principi*, 15 Vet.App. 256 (2001) (en banc), the Supreme Court approved the award of EAJA Fees in the context of a Social Security Act (SSA) sentence-four remand (under 42 U.S.C. § 405(g)). Mot. at 4. The Secretary then cites to several cases to support the proposition that "[v]arious circuits have held that a court order which merely remands an action to the agency for further proceedings, without a substantive ruling on the merits of the agency's decision, cannot constitute a proper 'sentence four' remand." *Ibid*.

The caselaw cited by the Secretary, however, does not stand for the proposition for which he cites it. In *Schaefer*, the Supreme Court stated as follows regarding the two types of SSA remands: "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the ***principal feature*** that distinguishes a sentence-four remand from a sentence-six remand [under 42 U.S.C. § 405(g)]." *Schaefer*, 509 U.S. at 297 (emphasis added). In *Melkonyan v. Sullivan*, the Supreme Court also stated:

> Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision. Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier.

*Melkonyan*, 501 U.S. 89, 93 (1991). Although it is possible to draw a negative inference (as the Secretary appears to be willing to do) from *Melkonyan* that, because a sentence-six remand can be made ***without*** making any substantive ruling as to the correctness of the Secretary's decision, a sentence-four remand must involve such a substantive ruling, that reading does not ***necessarily*** follow. Indeed, the only definitive statement that the Supreme Court made in *Melkonyan* regarding sentence-four remands was that "[u]nder sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision". *Ibid.* It is, however, instructive to note that both the portion relating to sentence-four remands and that relating to sentence-six remands refer not to the "merits", but to the agency ***decision***, the sentence-six portion specifically referring to "the ***correctness*** of the Secretary's decision". *Ibid* (emphasis added). There

2

is no indication in this case, and the Secretary has pointed to none, that this language would exclude a section 7104(a) and (d)(1)[1] remand, as in the instant case.

Thus, the most definitive statement in the Supreme Court's caselaw enunciated by the Secretary is the one from *Schaefer* that distinguishes sentence four from sentence six by virtue of ***when judgment was entered***. Because this Court has decided that it will not retain jurisdiction once a case has been remanded, *see Cleary v. Brown*, 8 Vet.App. 305, 308 (1995), all our remands are accompanied by an "immediate" entry of judgment. Hence, the "principal feature" pointed to by the Supreme Court in *Schaefer* would, absent some contrary evidence, lead to the conclusion that all remands by this Court are more analogous to sentence-four remands.

The Secretary relies on four opinions of U.S. courts of appeals to support his contention that this Court's remands are analogous to SSA sentence-six remands.[2] First, of course, none of these

_____

[1] 38 U.S.C. §§ 7104(a) and (d)(1) provide:

> (a) All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board. Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation
>
> . . . .
>
> (d) Each decision of the Board shall include –
> > (1) a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record[.]

[2] In *Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir. 2000), the U.S. Court of Appeals for the Fifth Circuit concluded that a remand was ***not*** a Social Security Act (SSA) sentence-four remand (and vacated the case and remanded the matter because the remand did not seem to fit within sentence six, either) where it had "suggested . . . no substantive ruling, whether 'affirming, modifying or reversing' the ALJ's [(Administrative Law Judge)] order" and where "the court merely remanded for further consideration". In *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999), the U.S. Court of Appeals for the Second Circuit stated that an SSA sentence-six remand "permits the district court to remand without making any substantive ruling as to the correctness of the Commissioner's decision", and noted that such remands "are considered interlocutory and non-appealable, because the district court retains jurisdiction over the action pending further development and consideration by the ALJ"; the court also went on to describe attributes that make a remand fall outside sentence four: "[T]he language of the judgment does not recite that it is a final judgment, nor does it reflect an intent to relinquish jurisdiction, and there is nothing in the order or the judgment to reflect that the administrative order is affirmed, reversed, or modified." (In *Raitport*, the court vacated the decision and remanded the matter to the district court for it to make further findings and ascertain whether the remand was an SSA sentence-four or sentence-six remand. *Id.* at 105.)

In *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996), a case in which the U.S. Court of Appeals for the Eleventh Circuit held that a "dual-basis remand" (i.e., a remand on both sentence-four and sentence-six grounds) was appropriate, the court described the differences between the two SSA remands as follows:

> A sentence-six remand does not result from any error by the [Social Security Administration]

3

opinions is binding on this Court. In terms of their weight as persuasive authority, the Seventh Circuit's opinion in *Jackson v. Chater*, 94 F.3d 274, 277-78 (7th Cir. 1996), might, at first blush, appear to provide some support for the Secretary's overall position here, given the statement in that case that merely obtaining "another bite at the apple" does not suffice to make one a prevailing party. However, the analysis in that opinion does not address the Secretary's argument here that the instant case is more analogous to an SSA sentence-six remand than an SSA sentence-four remand. Mot. at 4. Moreover, as to more general precepts of determining prevailing-party status, this Court is bound not by dictum from the Seventh Circuit but by our own caselaw in *Sumner*, *supra*, and *Vaughn v. Principi*, 15 Vet. App. 277 (2001) (per curiam order). The remaining three cases relied on by the Secretary can be distilled into two propositions: (1) A sentence-six remand can be made in the absence of error by the Secretary; and (2) a sentence-four remand involves the relinquishment of jurisdiction by the court. The second point is supported by and consistent with the Supreme Court precedent noted above and actually rebuts the Secretary's position. As to the first point, the Secretary's argument is circular.

The Secretary contends that the appellant in this case is not a prevailing party because the administrative error required by *Sumner*, 15 Vet.App. at 264-65, must resolve a dispute or have an effect on the substantive merits of the case. He then argues that this type of error is not present here, citing the "fact" that this remand is more akin to an SSA sentence-six remand. He concludes that because sentence-six remands do not entail administrative error, the appellant's remand lacked an administrative error. This is circular reasoning. The only argument of any weight on this ground that the Secretary presents is that the reasons-or-bases/failure-to-address-potentially-applicable-law remand here is not the appropriate type of error because (1) "the [a]ppellant has only received another chance to prove his claim and has not succeeded in receiving some substantial benefit that was sought in bringing his appeal to this Court"; and (2) "neither the Court nor the parties' joint motion addressed the merits of [the a]ppellant's claim". Mot. at 5. As to the first point, the Secretary

Commissioner. A sentence-six remand is warranted even in the absence of any error by the Commissioner if new, material evidence becomes available to a claimant, and the claimant could not have presented that evidence at his original hearing. . . .

The Commissioner contends . . . that the district court must choose between remanding under sentence four which terminates its jurisdiction over the case, and remanding under sentence six[,] which continues its jurisdiction.

Finally, in another case titled *Jackson v. Chater*, 94 F.3d 274, 277-78 (7th Cir. 1996), the U.S. Court of Appeals for the Seventh Circuit noted that the appellant, who it stated had obtained an SSA sentence-four remand, had succeeded on a motion to alter the judgment under Federal Rule of Civil Procedure 59(e); the court stated: "The district court in this case did not reverse either of the earlier decisions reached by the ALJ and the Secretary; it reversed only its own previous position. Nor did it award to Jackson any of the benefits she sought in bringing the suit." *Id.* at 277. The court noted that the basis for the remand "was the need for the ALJ to take additional evidence", and concluded that the appellant's "success on the Rule 59(e) motion cannot qualify her as a prevailing party . . . , for she has achieved only another bite at the apple." *Id.* at 278. Despite this analysis, however, the court noted that the government had failed to contest the prevailing-party issue either before the district court or on appeal, and therefore "its failure to do so forecloses an opportunity to express by decision our understanding" of the nature of the prevailing-party determination. *Ibid*.

4

merely asserts that this is the case; he presents no support for his position that the remand in this case did not provide "some substantial benefit" to the appellant. The Secretary appears to want this Court to declare that the error in this case – the failure to address the VCAA law changes – was not a "good" error for EAJA purposes, but he fails to provide any argument as to why such a fundamental adjudication error under 38 U.S.C. § 7104(a) and (d)(1), as declared in much binding Court precedent[3], is not a sufficient error for such purposes. Moreover, carried to its logical conclusion, the Secretary's argument regarding substantive merits relief would preclude EAJA awards in this Court except for the relatively few cases where the Court reverses and directs the award of a benefit or that a particular finding be entered; that is because the vast majority of remands ordered by this Court are premised on BVA failures of process. *See* 38 U.S.C. §§ 5103A (previously § 5107 (a)) (duty to assist), 7104(a) (BVA decision must be based on entire record and on consideration "of all evidence and material of record and applicable provisions of law and regulation"), 7104(d)(1) (BVA decision must include "a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record"); 38 C.F.R. §§ 3.344(a), 4.1, 4.2, 4.10, 4.40, 4.41, 4.42, 19.9 (2001) (all relating to adequacy of examinations); *Schafrath v. Derwinski*, 1 Vet.App. 589, 593-95 (1991). Therefore, this argument falls far short of the mark.

As to the second point, the Secretary is correct that neither the joint motion nor the Court's order explicitly addressed the merits of the appellant's claim; hence, there is no SSA-sentence-four-like Court order remanding in conjunction with a judgment explicitly affirming, modifying, or reversing the Secretary's decision. However, neither was there a retention of jurisdiction in this case, and that is the one aspect that is most characteristic of a sentence-four remand as spelled out by the Supreme Court's analyses in *Schaefer* and *Melkonyan*. Moreover, even if this case were a Social Security case, and thus one controlled by this sentence-four-vs.-sentence-six caselaw, there would be no clear answer to the question of what type of remand this was, although the lack of a retention of jurisdiction would likely heavily weight the scales in favor of a sentence-four remand.[4] Here, however, we are merely ***analogizing*** this SSA caselaw to the instant action. The Secretary has not addressed the fact that here, unlike in the Social Security context, the Court is not limited to merely the two types of remands explicated in the caselaw cited in his motion. Therefore, given that this remand satisfied the principal characteristic (entry of judgment) under *Schaefer* necessary to qualify as a sentence-four remand, and given that the caselaw cited by the Secretary does not establish another firm test for differentiating between the two types of remands, the Secretary has failed to present a convincing argument that this case is more analogous to a sentence-six remand.

Finally, the Secretary's arguments here should also be rejected because they would involve the Court in the business of weighing and evaluating error to determine which BVA error is a "good"

---

[3] *See, e.g., Weaver v. Principi*, 14 Vet.App. 301, 302 (2001) (per curiam order); *Sanden v. Principi*, 2 Vet.App. 97, 100 (1992); *Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991).

[4] It would appear that if the remand here had been carried out under the SSA, it would likely be considered either a sentence-four remand or an invalid remand not contemplated by the SSA, because it could not be a sentence-six remand, due to the lack of a retention of jurisdiction.

one, and which error is not, for EAJA purposes. The Secretary cites to the Court's recent opinion in *Sachs v. Principi*, __ Vet.App. ___, No. 98-1632, 2002 WL 85332 (Feb. 6, 2002), to support his position. *Sachs*, however, deals only with the effect for EAJA purposes of a remand based on retroactive changes in applicable caselaw, and the Court declared there that the Board decision involved ***no*** administrative error on the BVA's part because it was bound to follow the caselaw at the time it rendered its decision. *Sachs*, __ Vet.App. at ___, 2002 WL 85332, at \*1-2.[5]

---

[5] Notwithstanding the narrow reach of *Sachs v. Principi*, __ Vet.App. ___, No. 98-1632, 2002 WL 85332 (Feb. 6, 2002), I believe that it was wrongly decided because the Board does indeed err when it applies the incorrect interpretation of law. *Cf. Halpern v. Principi*, __ Vet.App. __, __, No. 99-1472, 2002 WL 200240, at \*3-4 (Feb. 8, 2002) (Steinberg, J., concurring). The *Sachs* opinion purports to decide that the appellant in that case was not a prevailing party where the appellant's claim was remanded due to an intervening change in caselaw (in *Schroeder v. West*, 212 F.3d 1265 (Fed. Cir. 2000)), but failed to discuss *Stillwell v. Brown*, 6 Vet.App. 291 (1994), either as described in *Sumner v. Principi*, 15 Vet.App. 256, 262-64 (2001) (en banc), or in any other way. In the en banc opinion of this Court in *Sumner*, the Court characterized *Stillwell* as follows, in ways with which *Sachs* is in direct conflict:

> The Court's seminal decision on prevailing-party status is *Stillwell*, *supra*. In the appeal underlying *Stillwell*, this Court granted the parties' joint motion for remand pursuant to *Gregory v. Brown*, 5 Vet.App. 108 (1993) (remand ordered for Board to correct error made in applying regulation, subsequently found to be unlawful, regarding surviving-spouse status; Court also ordered BVA to make specific factual findings in course of readjudication). In rendering a decision on the appellant's EAJA application in *Stillwell*, the Court, relying upon [*Shalala v.* ]*Schaefer*, [509 U.S. 292 (1993)], held that the appellant was a prevailing party because she had obtained just such a remand, i.e., a remand predicated upon the BVA's application of an invalid regulation, even though the Court had not yet declared (in *Gregory*, *supra*) that invalidity at the time that the Board had rendered its decision on her claim. *Stillwell*, 6 Vet.App. at 300-01. The Court further held, however, that the Secretary was substantially justified because his misinterpretation of the regulation at issue was "no more than a reasonable mistake" and thus denied the appellant's EAJA application. *Id.* at 301-03. In the course of reaching its decision in *Stillwell*, the Court stated that *Schaefer* directed that "a remand alone" conferred prevailing-party status upon an appellant because a remand represented " 'succe[ss] on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Stillwell*, 6 Vet.App. at 299-300 (quoting *Schaefer*, 509 U.S. at 302, 113 S.Ct. 2625).

*Sumner*, 15 Vet.App. at 262.

> The Court notes in particular that the remands in both *Schaefer* and *Stillwell* were predicated upon administrative error. Although the Court recognizes the breadth of the language in *Stillwell*, *supra*, which, in and of itself, could be read to mean that prevailing-party status is achieved any time that this Court remands an appellant's underlying appeal, that language must be read in the context of why the remands were ordered in both *Schaefer* and *Stillwell*.

*Id.* at 263.

> *Lematta*[ *v. Brown*, 8 Vet.App. 504 (1996)] also must be construed in the context in which it occurred. In the appeal underlying *Lematta*, the Court, unlike the district

6

court in *Schaefer* and this Court in *Stillwell*, did not order a remand predicated upon
error in the administrative adjudication process.

*Ibid*.

Thus, a remand does not constitute "some relief on the merits" unless that remand
is predicated upon administrative error. *Buckhannon*[ *Board and Care Home, Inc.
v. West Virginia Dep't of Health and Human Res.*], 121 S. Ct. [1835,] 1840[
(2001)]. *Stillwell*, *Lematta*, and *Swiney*[ *v. Gober*, 14 Vet.App. 65 (2000)], all
*supra*, comport with this construct.

*Id*. at 264. In my view, the above quotes establish that the en banc Court held unanimously that the remand in *Stillwell*
was based on administrative error, and *Sachs*, by finding no error in a factually indistinguishable situation, was, therefore,
wrongly decided.