# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-2353

RICARDO L. PARKS,                                                APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                   APPELLEE.

Before IVERS, *Chief Judge*, and STEINBERG and HAGEL, *Judges.*

## O R D E R

On May 20, 2004, the Court vacated an August 26, 2002, decision of the Board of Veterans' Appeals that, inter alia, denied a disability rating greater than 10% for bilateral tinnitus pursuant to 38 C.F.R. § 4.87, Diagnostic Code 6260 (2002), and the Court remanded the matter. On June 7, 2004, the appellant, through counsel, filed a motion for a decision by a panel.

Upon consideration of the foregoing, the record on appeal, and the parties' prior pleadings, it is

ORDERED that the appellant's motion for a decision by a panel is denied.

DATED:     September 15, 2004        PER CURIAM.

STEINBERG, *Judge*, concurring: I voted to deny the appellant's June 7, 2004, motion for a panel decision on the question of the applicability of 38 C.F.R. § 4.25(b) (2001) to the appellant's tinnitus rating-increase claim. In that regard, I note the following: (1) The Court's May 20, 2004, single-judge order remanded that claim for readjudication in light of § 4.25(b) and *Wanner v. Principi*, 17 Vet.App. 4, 13 (2003), *reversed on other grounds*, 370 F.3d 1124, 1130 (Fed. Cir. 2004); (2) the reversal of *Wanner* by the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) did not affect the § 4.25(b) remand in that case, a matter that was not part of the appeal to the Federal Circuit, *see Wanner*, 370 F.3d at 1129; (3) the May 22, 2003, General Counsel (GC) precedent opinion, to which the appellant refers as requiring the Board "to deny separate ten-percent ratings for the tinnitus in each of his ears" (Motion (Mot.) at 6), states:

> Neither the prior nor the amended regulation [(38 C.F.R. § 4.87, Diagnostic Code 6260)] contained any language suggesting that a separate tinnitus rating could be awarded for each ear, nor does any other rating schedule provision in effect prior to or after 1999 suggest that such separate ratings may be awarded [for each ear for tinnitus]

VA Gen. Coun. Prec. 2-2003 at ¶ 1 (May 22, 2003); (4) that opinion nowhere cites to or discusses § 4.25(b), *see id.* at 1-4; (5) it is thus not entirely clear that § 4.25(b) is "a rating schedule provision" within the meaning of that opinion; and (6) the appellant's principal brief was filed on September 24, 2003, over four months after the May 22, 2003, GC opinion.

There is no question that the appellant is correct in contending that the Board is bound by the GC's precedent opinions (Mot. at 6), *see* 38 U.S.C. § 7104(c), 38 C.F.R. § 19.5 (2003), and I would not a fruitless remand here if the GC opinion had unequivocally resolved the § 4.25(b) question raised by our remand in *Wanner, supra*. There are, however, two reasons why I voted to deny the appellant's motion here. First, the appellant had ample opportunity to raise the argument presented in his motion regarding the GC opinion and, indeed, had an opportunity to file a reply brief after the Secretary's brief was filed in January 2004, but did neither. This Court has stressed repeatedly that piecemeal litigation is to be avoided[1]; yet, the appellant is engaging in exactly that practice here. Second, as noted above, the § 4.25(b) issue was not unequivocally resolved by the GC opinion.

---

[1] *See, e.g., Burton v. Principi*, 15 Vet.App. 276, 277 (2001) (per curiam order) ("[w]e should not encourage the kind of piecemeal litigation in which the appellant here has engaged"); *Tubianosa v. Derwinski*, 3 Vet. App. 181, 184 (1992) (noting that the appellant "should have developed and presented all of his arguments in his initial pleading"); *Fugere v. Derwinski*, 1 Vet. App. 103, 105 (1990) ("[a]dvancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court" because piecemeal litigation hinders the decision-making process), *aff'd*, 972 F.2d 331 (Fed. Cir. 1992); *Black v. West*, 11 Vet.App. 15, 16 (1998) (per curiam order) (Steinberg, J., dissenting) (raising contention for first time at reconsideration stage is normally an "undesirable practice" that may "hinder[] the decision-making process" and "raise[] the undesirable specter of piecemeal litigation").