# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1632

JACQUELINE C. SACHS, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided  February 6, 2002   )

*Hannah T. Carvey*, of Oakton, Virginia, was on the  application for the appellant.

*Leigh A. Bradley*, General Counsel; *Ron Garvin*, Assistant General Counsel; and *Michael A. Leonard*, Deputy Assistant General Counsel, all of Washington, D.C., were on the  response for the appellee.

Before FARLEY, HOLDAWAY, and IVERS, *Judges*.

IVERS, *Judge*:  Following two separate decisions by this Court concerning the merits of her appeal, the appellant, through counsel, filed an application (supplemented) for payment of her legal fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  The appellant's EAJA application satisfies all jurisdictional and content requirements.  *See* 28 U.S.C. § 2412(d)(1)(B); *Sumner v. Principi*, 15 Vet.App. 256 (2001) (en banc).

In the first decision on the merits, found at *Sachs v. Gober*, 14 Vet.App. 175 (2000) (*Sachs* I), the Court remanded a matter as a result of a change in case law that occurred during the pendency of the appeal.  *See id*. at 179-80; *see also Schroeder v. West*, 212 F.3d 1265 (Fed. Cir. 2000).  The Court's second decision dismissed one issue for lack of jurisdiction, and remanded the remainder of the matters decided by the Board for readjudication in light of the enactment of the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000).  *Sachs v. Gober*, 14 Vet.App. 298 (2000) (*Sachs* II).

In order to be eligible for an award of EAJA fees and expenses, the appellant must, inter alia, show that she is a prevailing party, within the meaning of EAJA, as a result of the Court's disposition of her appeal. *See Sumner*, 15 Vet.App. at 260. In *Sumner*, the Court ruled that, if the benefit sought in bringing the litigation is not awarded, only a remand predicated upon administrative error confers EAJA prevailing party status on an appellant. *Id*. at 264-65. The Court's decision in *Sumner* expressly relied upon the recent holding and rationale of the Supreme Court in *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 121 S.Ct. 1835.

The Court's dispositions in *Sachs* I and *Sachs* II did not result in an award to the appellant of the benefits that she sought in bringing the litigation. Therefore, to determine whether the appellant was an EAJA prevailing party, the Court must determine whether the remands were predicated upon administrative error by the Board.

## I. *Sachs* I

The rule of retroactive application was applied in *Sachs* I, when the Court remanded a matter based solely on the intervening change in case law brought about by *Schroeder*, *supra*. *See Brewer v. West*, 11 Vet.App. 228 (1998) (rule of law announced and applied in a case shall apply retroactively to all matters pending before the Court). In order to determine whether the appellant is a prevailing party for purposes of EAJA, following the case-law-change remand in *Sachs* I, the Court must decide what effect, if any, the rule of retroactive application has on the determination of whether the remand was predicated upon administrative error. *See Sumner*, *supra*.

The Court's decision in *Brewer*, *supra*, and the supporting Supreme Court decisions cited therein, required further adjudicatory action due to changed case law, but did not conclude that prior adjudications had been erroneous. In fact, the *Brewer* decision affirmed the Board decision that was before the Court on appeal, based on a change in case law that disfavored the appellant in that case.

Under the rule of retroactive application, in *Sachs* I the Court remanded for the Board to apply a new rule of law to a decision on the merits of a claim where the Board had made a decision before that law came about. It would not be reasonable to conclude that the remand in *Sachs* I was predicated upon administrative error when, as noted by the Court, the Board properly applied the law in effect at the time of its 1998 decision. *See Sachs* I at 179-80; *cf. Bowyer v. Brown*, 7 Vet.App.

2

549 (1995) (when remand by Court was based on change in case law that post-dated BVA decision, Secretary's position at administrative and litigation stages was reasonable given state of law at time of BVA decision).

The Court has clearly stated that a party is not an EAJA prevailing party unless the party is awarded the benefits sought in bringing the litigation, or the disposition of the party's appeal results in a remand predicated upon administrative error. *Sumner*, 15 Vet.App. at 264. The Court holds that a remand on the merits that is based on the rule of retroactive application is not a remand predicated upon administrative error for purposes of EAJA. *Cf. Vaughn v. Principi*, 15 Vet.App. 277 (2001) (remand based solely on enactment of VCAA is not predicated on administrative error and does not confer upon appellant EAJA prevailing party status). Therefore, for purposes of EAJA fees and expenses, the appellant is not a prevailing party as a result of the Court's decision in *Sachs* I.

## II. *Sachs* II

Similarly, the remand affected by *Sachs* II, based solely on the enactment of the VCAA, was not predicated upon administrative error. *See Vaughn*, *supra* . For purposes of EAJA fees and expenses, the appellant is not a prevailing party as a result of the Court's decision in *Sachs* II . *See Sumner* and *Vaughn*, both *supra*. Moreover, the Court has ruled that the catalyst and inevitable-victory tests are not viable means to attain EAJA prevailing party status. *See Vaughn*, *supra*; *Thayer v. Principi*, 15 Vet.App. 204, 211 (2001).

## III.  CONCLUSION

Accordingly, upon consideration of the foregoing, the appellant's initial and supplemental EAJA applications are DENIED.