# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1472

ELIE HALPERN, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FARLEY, IVERS, and STEINBERG, *Judges.*

## O R D E R

Before the Court is the appellant's application for payment of attorney fees and expenses in the amount of $4,637.02 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). The appellant submitted his EAJA application on October 16, 2000, after the Court, in a September 26, 2000, order, had vacated a June 30, 1999, decision of the Board of Veterans' Appeals (Board or BVA). Based on the Board's review of the appellant's attorney fee agreement, the June 1999 Board decision found that the attorney was not eligible for direct payment of attorney fees from past-due benefits. The appellant and Secretary filed briefs in February and July 2000, respectively, and on September 14, 2000, the appellant filed an unopposed motion to vacate and set aside the Board decision for lack of jurisdiction pursuant to *Scates v. Gober*, 14 Vet.App. 62 (2000) (en banc) (per curiam). The Court's September 26, 2000, order remanded the matter to the Board based on the appellant's unopposed September 14, 2000, motion.

The Court has jurisdiction to award reasonable attorney fees and expenses under the EAJA. 28 U.S.C. § 2412(d)(2)(F); *see Stillwell v. Brown*, 6 Vet.App. 291 (1994). In the September 26, 2000, order, the Court directed:

> The Board's decision is VACATED for want of original jurisdiction to decide eligibility for direct payment of a withheld contingency fee under § 5904(d), and the matter is REMANDED to the Board with directions to dismiss the matter of direct-payment fee eligibility as referred to the Board by the Regional Office.

The Court in this case held that the Board did not have original jurisdiction over the issue of eligibility for attorney fees in direct-payment contingency-fee-agreement cases. *See Scates*, 14 Vet.App. at 64.

During the entire pendency of this appeal, the Court has not had jurisdiction over the underlying claim on the merits, i.e., whether the appellant was entitled to attorney fees under a direct-payment contingency-fee agreement. In fact, the only issue addressed by this Court was whether

the Board had jurisdiction to determine eligibility in the first instance in direct-payment contingency-fee-agreement cases. It is well established that a Court has jurisdiction to determine its jurisdiction. *See Kelsey v. West*, 13 Vet.App. 437 (2000) (per curiam order); *Henderson v. West*, 12 Vet.App. 11, 14 (1998); *Smith v. Brown*, 10 Vet.App. 330, 332 (1997); *Phillips v. Brown*, 10 Vet.App. 25, 30 (1997); *Aronson v. Brown*, 7 Vet.App. 153, 155 (1994). Once this Court determined that the Board lacked jurisdiction, as in *Scates*, that determination deprived this Court of jurisdiction over the merits of the underlying claim.

Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any Court having jurisdiction of that action . . . ." 28 U.S.C. § 2412(d)(1)(A). This Court's caselaw clearly mandates that where the Court lacks jurisdiction over the merits of the underlying claim, the Court will dismiss the appellant's EAJA application for lack of jurisdiction. *See Heath v. West*, 11 Vet.App. 400 (1998). The Court in *Heath* noted:

> As the language of the EAJA makes clear, jurisdiction is a prerequisite to, not a product of, its application. Hence, because the Court lacked jurisdiction to award the relief requested in the petitioner's petition, it also lacks jurisdiction to consider an EAJA application filed in connection with that petition. Therefore, the petitioner's EAJA application must be dismissed.

*Id.* at 404. The United States Court of Appeals for the Federal Circuit has endorsed the holding in *Heath* and stated:

> [W]e interpret the EAJA to extend only to fees and other expenses incurred before a court, the Court of Appeals for Veterans Claims in this case, having the power to hear and decide the underlying civil action in which the EAJA applicant incurred those fees and other expenses . . . . It would make little sense to ask a court to inquire into whether a party prevailed, or, alternatively, was substantially justified, with regard to an action that that court had no power to hear and decide in the first place.

*Burkhardt v. Gober*, 232 F.3d 1363, 1367 (Fed. Cir. 2000).

The Court in this case, as in *Scates*, did not explicitly dismiss the claim because the Court lacked jurisdiction, but rather vacated the Board decision and remanded the claim so that the Board could dismiss the claim for lack of original jurisdiction. In *Scates*, the Court held that the Board lacked jurisdiction and vacated the matter with the same directions pursuant to *In re Fee Agreement of Wick*, 40 F.3d 367 (Fed. Cir. 1994). In *In re Wick*, the Federal Circuit noted: "If the Court of Veterans Appeals lacked jurisdiction over the matter, then 'we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the [court] in entertaining the suit.'" *Id.* at 370 (citations omitted). The Federal Circuit held there that this Court lacked jurisdiction, and therefore the Federal Circuit did not reach the merits of the veteran's appeal to that court. *Id.* The situation in *Scates* and in the case presently before the Court is indistinguishable from the situation

2

in *In re Wick*. The Court's exercise of jurisdiction to determine whether it has jurisdiction in no way implies that the Court would have jurisdiction over the merits of a claim. *See Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996) ("[I]t is well-established judicial doctrine that any statutory tribunal must ensure that it has jurisdiction over each case before adjudicating the merits."); *see also* 28 U.S.C. § 2412(d)(1)(A). With regard to the position taken by our colleague in his concurring statement concerning the effect of the retroactive application of caselaw see *Sachs v. Principi*, __Vet.App.__, No. 98-1632 (Feb. 6, 2002). Therefore, because the exercise of jurisdiction to decide its own jurisdiction is not "jurisdiction of" a civil action for purposes of determining an EAJA award under section 2412(d)(1)(A), the Court will dismiss the appellant's EAJA application for lack of jurisdiction. *See Heath*, *supra*.

Although the Court is not required to reach the question in this case, the Court notes that there may be a separate basis for dismissing this case for lack of jurisdiction. A fair question exists as to whether the Secretary is actually anything more than a nominal party to this case. Whereas the EAJA requires that the civil action for which fees are sought be "brought against the United States," here the dispute is, in fact, one between the veteran and his attorney. *See* 28 U.S.C. § 2412(d)(1)(A)("a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party *in any civil action* . . . , including proceedings for judicial review of agency action, *brought* by or *against the United States*" (emphasis added)). The Secretary could be considered a mere stakeholder in this case, and not an adverse party as required by the EAJA, because, regardless of the outcome, he must pay a withheld amount of the past-due benefits to one party or the other, or both.

Upon consideration of the foregoing, it is

ORDERED that the appellant's EAJA application is DISMISSED for lack of jurisdiction.

DATED:        February 8, 2002                                    PER CURIAM.

STEINBERG, Judge, concurring in the denial of relief: I would deny an award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), rather than dismiss the EAJA application for lack of jurisdiction. There appears to be no question that the Court had jurisdiction to take the action it took when on September 26, 2000, it granted the appellant's unopposed September 14, 2000, motion to remand under *Scates v. Gober*, 14 Vet.App. 62 (2000), and vacated the Board decision, in order to ensure that the Board would dismiss the matter and return it to the appropriate Department of Veterans Affairs (VA) regional office. Although, as a result of our *Scates* opinion and its retroactive effect, the Court never could have lawfully exercised jurisdiction over the merits of the underlying BVA attorney-fee-agreement decision, *see Brewer v. West*, 11 Vet.App. 228, 231-34 (1998) (holding that caselaw changes are generally retroactive), I believe that the appellant's unopposed *Scates*-remand motion transformed the Court's jurisdiction so that the Court, at the time of the filing of the motion, had jurisdiction to consider and act on the motion. Hence, when we

granted that motion on September 26, 2000, we had jurisdiction to make that decision in this case. Therefore, I would reach the merits of the EAJA application.

Turning to the EAJA merits, I would likely find, first, that the appellant was a prevailing party because he secured a remand "predicated on administrative error", Sumner v. Principi, 15 Vet.App. 256, 264-65 (2001), because the retroactive effect of *Scates*, *supra*, was, under *Brewer*, *supra*, to render the BVA's June 1999 decision legally wrong in taking jurisdiction over the matter at that point. That is, a caselaw change in law was ***always*** the law – in that courts "find" the law, they do not "make" it – and, therefore, it seems to me that the Board's assertion of jurisdiction was thus always wrong. This situation contrasts with one in which the Board did not address law that was not yet in effect, as is the situation that leads a Court to remand under *Karnas v. Derwinski*, 1 Vet.App. 308 (1991), where there is no BVA error, *see Vaughn v. Principi*, 15 Vet.App. 277 (2001). Hence, the appellant appears to be a prevailing party for EAJA purposes. *See* 28 U.S.C. § 2412(d)(1)(A) ("court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified"); *Sumner*, 15 Vet.App. at 265.

However, with regard to the next EAJA question, whether the position of the Secretary was substantially justified in this instance, I would definitely find that the Secretary has carried his burden of demonstrating that his position was substantially justified under 28 U.S.C. § 2412(d)(1)(A) at both the administrative (BVA) and litigation (Court) stages. *See Cullens v. Gober*, 14 Vet.App. 234, 237-38 (2001) (en banc); *Lematta v. Brown*, 8 Vet.App. 504, 507 (1996). As to the Secretary's position at the litigation stage, I believe that it was reasonable because he raised no objection to the appellant's timely motion for vacatur, based on *Scates*, *supra*, of the underlying Board decision in this case. The Secretary cannot thus be said to have been involved in impermissible "foot dragging" at the litigation stage. *Pierre v. West*, 12 Vet.App. 92, 97 (1998) (citing *Bowyer v. Brown*, 7 Vet.App. 549, 550 (1995)). Furthermore, I believe that the Secretary's position at the administrative stage was reasonable because, although that position was legally wrong, it was not unreasonable for the BVA to take this approach in light of the "confusing tapestry" of the statutory scheme. *Stillwell v. Derwinski*, 6 Vet.App. 291, 303-04 (1994) (holding that Secretary's position at administrative stage was substantially justified because Board's misconstruction of regulation was "reasonable mistake" in light of "confusing tapestry" presented by "statutory and regulatory framework" (quoting *Hatlestad v. Derwinski*, 1 Vet.App. 164, 167 (1991))); *cf. Wisner v. West*, 12 Vet.App. 330, 333-34 (1999) (holding, in context of determining whether Secretary's position in underlying appeal was substantially justified, that Board's pre-*Hodge v. West*, 155 F.3d 1356 (Fed. Cir. 1998), reliance on *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991), which *Hodge* had overruled, was reasonable), *affirmed sub nom. Abbs v. Principi*, 237 F.3d 1342 (Fed. Cir. 2001); *Clemmons v. West*, 12 Vet.App. 245, 246-47 (1999) (same).[1]

_____

[1] As to the *Hodge* caselaw change, although the BVA had, in effect, been instructed by the Court's pre-*Hodge* caselaw to ignore VA's reopening regulation (38 C.F.R. § 3.156), in the *Scates* situation the Court had, sub silentio, implicitly sanctioned the BVA's exercise of original jurisdiction over a fee-agreement issue. *See, e.g., In re the Fee Agreement of Mason*, 13 Vet.App. 79, 88 (1999) (reversing in part BVA fee-agreement decision denying eligibility for

Based on the above analysis, therefore, I would deny the EAJA application.

---

past-due-benefits payment to attorney); *In re the Fee Agreement of Stanley*, 10 Vet.App. 104, 108 (1997) (affirming BVA fee-agreement decision denying eligibility for past-due-benefits payments to attorney).