Benny J. FLEMMING, Appellant,

v.

Anthony J. PRINCIPI, Secretary of
Veterans Affairs, Appellee.

No. 97–2150.

United States Court of Appeals
for Veterans Claims.

April 4, 2002.

Mark R. Lippman, of La Jolla, CA, was
on the application for the appellant.

Tim S. McClain, General Counsel; Ron
Garvin, Assistant General Counsel; and
Darryl A. Joe, Acting Deputy Assistant
General Counsel, all of Washington, D.C.,
were on the response for the appellee.

Before IVERS, STEINBERG, and
GREENE, Judges.

IVERS, Judge, filed the opinion of the
Court. GREENE, Judge, filed a
concurring opinion. STEINBERG, Judge,
filed an opinion concurring in part and
dissenting in part.

IVERS, Judge:

On April 2, 1999, the Court, in a single-
judge order, vacated a July 29, 1997,
Board of Veterans' Appeals (Board) deci-
sion and remanded the matter on appeal to
the Board for readjudication. The sole
basis for the remand was a change in
caselaw that had occurred during the pen-
dency of the appeal. *See Flemming v.
West,* No. 97–2150, 1999 WL 219986 (Vet.
App. Apr.2, 1999); *see also Hodge v. West,*
155 F.3d 1356 (Fed.Cir.1998).

The appellant, through counsel, has filed
an application for an award of reasonable
attorney fees and expenses pursuant to the
Equal Access to Justice Act (EAJA), 28
U.S.C. § 2412(d). The appellant's EAJA
application satisfies all EAJA jurisdictional
and content requirements. *See* 28 U.S.C.
§ 2412(d)(1)(B); *Sumner v. Principi,* 15
Vet.App. 256 (2001) (en banc). On October
5, 2001, the Court stayed this matter pend-
ing the outcome of *Vaughn v. Principi,* 15
Vet.App. 277 (2001) (per curiam), or fur-
ther order of the Court. For the reasons
that follow, the appellant's EAJA applica-
tion will be denied.

In order to be eligible for an award
of EAJA fees and expenses, the appellant

must, inter alia, show that he was a prevailing party, within the meaning of EAJA, as a result of the Court's disposition of his appeal. *See Sumner*, 15 Vet.App. at 260. In *Sumner*, the Court ruled that, if the benefit sought in bringing the litigation is not awarded, only a remand predicated upon administrative error confers EAJA prevailing party status on an appellant. *Id.* at 264–65. In support of this rule, the Court followed the rationale of the Supreme Court in *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

The Supreme Court's decision in *Buckhannon* prompted this Court to recognize that it is a narrow passage through which an appellant must go to attain prevailing-party status under EAJA. In *Thayer v. Principi*, 15 Vet.App. 204, 211 (2001), the Court adopted the holding in *Buckhannon*, ruling that the catalyst theory was not a viable means to attain EAJA prevailing-party status. In *Vaughn*, the Court held that an appellant who attains a remand based solely upon the enactment of the VCAA is not an EAJA prevailing party. *Vaughn*, 15 Vet.App. at 280; *see also Fandry v. Principi*, 15 Vet.App. 299 (2001). *Vaughn* also held that the inevitable-victory test is not a permissible basis for establishing EAJA prevailing party status. *Id.* In *Sumner*, the Court held that when the Court remands a matter to the Board and does not award the benefit that was sought in bringing the litigation, the remand must be predicated upon administrative error for the appellant to be a prevailing party. *Sumner*, 15 Vet.App. at 264.

■ Relevant to the present matter, the Court recently held that "a remand on the merits that is based on the rule of retroactive application is *not* a remand predicated upon administrative error for purposes of EAJA." *Sachs v. Principi*, 15 Vet.App.

414, 416 (2002) (emphasis added). Therefore, an appellant receiving a remand under the rule of retroactive application, that is, an appellant who receives a remand solely because of a change in caselaw during the pendency of his or her appeal, is not an EAJA prevailing party. *Id.* For this reason, the Court will deny the appellant's EAJA application in the present matter because he was not an EAJA prevailing party. *Id.*

Relying on a construct purportedly derived from this Court's prior decisions and, along the way, rejecting *Sachs, supra*, our dissenting colleague joins our denial of the appellant's application, yet only after concluding that the appellant was a prevailing party, but that the government was substantially justified in its actions. *See* 28 U.S.C. § 2412(d). This analysis, however, cannot withstand a close examination.

In *Brewer v. West*, 11 Vet.App. 228 (1998), the Court held that the rule of retroactive application requires that a rule of law announced and applied in a case be applied retroactively *by the Court* to all matters pending before the Court. In *Brewer*, the Court affirmed rather than remanded the Board's decision, and did not have occasion to address whether the Board may have erred in failing to anticipate a change in law or whether the appellant was an EAJA prevailing party.

In *Sumner*, the Court addressed its decision in *Stillwell v. Brown*, 6 Vet.App. 291 (1994), its pre-*Buckhannon* seminal decision defining an EAJA prevailing party. The Court noted that *Stillwell* had relied on the Supreme Court decision in *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), for that decision's holding that a remand alone conferred prevailing-party status upon an appellant. *Sumner*, 15 Vet.App. at 262–63. *Sumner* described the remand in *Stillwell*, as well as the remand in *Schaefer*, as having been

due to "administrative error," although the remand in *Stillwell* was ordered to permit the retroactive application of new case law. Except for a single conclusory sentence, there is no discussion in *Sumner* describing the administrative error in *Stillwell.* Indeed, the word "error" does not even appear in *Stillwell,* nor does it appear, in the context suggested in *Sumner,* in *Schaefer. Stillwell* did not discuss or analyze the specific basis for the appellant's remand on the merits, and did not hold that she had prevailed due to the rule of retroactive application. *See Id.* at 300–01.

Upon closer examination, it is clear that the Court's recognition of the appellant in *Stillwell* as a prevailing party was based on the Secretary's concession to that status, and on the apparent rule drawn from *Schaefer,* that a party prevailed by virtue of receiving a remand. *See Stillwell,* 6 Vet.App. at 300. The extent of the Court's discussion of prevailing-party status in *Stillwell* was that, before *Schaefer,* caselaw suggested the "necessity of a causal relationship between the lawsuit and the relief obtained" for an appellant to be a prevailing party. *Id.* at 300–01. *Stillwell* did discuss what was heretofore known as the catalyst theory for establishing prevailing-party status. *Id.* That theory, however, as noted above, has been invalidated by the Supreme Court and this Court as a basis for recognizing an appellant as a prevailing party. *See Buckhannon* and *Thayer,* both *supra.*

Finally, the principal issue before the Court in *Stillwell,* and before the Supreme Court in *Schaefer,* was whether the appellant's EAJA application had been timely filed. As *Sumner* specifically recognized, the discussions concerning prevailing-party status in both decisions were in the context of this primary issue. *See Sumner,* 15 Vet.App. at 263 ("[T]he language in *Stillwell, supra,* which, in and of itself, could be

read to mean that prevailing-party status is achieved any time that this Court remands an appellant's underlying appeal . . . must be read in the context of why the remands were ordered in both *Schaefer* and *Stillwell.*"). The attempt to use those cases to decree this appellant to be an EAJA prevailing party takes them woefully out of their context. Thus, neither *Schaefer* nor *Stillwell,* nor *Sumner* nor *Brewer* supports the argument that this appellant, whose claim was remanded solely because of a judicially crafted change in law, was an EAJA prevailing party.

At the merits stage of the appeal underlying the EAJA application in the present case, the rule of retroactive application was applied when the Court remanded a matter based solely on the intervening change in caselaw brought about by *Hodge, supra.* Before *Sachs,* no precedential decision of this Court has addressed the effect, if any, of a remand for retroactive application of a new judicial interpretation on the determination of whether administrative error has occurred with respect to EAJA prevailing-party status. (Our research did not find that other courts had addressed the issue.) Here, as in *Sachs,* "a remand on the merits that is based on the rule of retroactive application is *not* a remand predicated upon administrative error for purposes of EAJA."

Accordingly, upon consideration of the foregoing, the appellant's EAJA application is DENIED because the appellant is not a prevailing party as required by 28 U.S.C. § 2412(d)(1)(a).

GREENE, Judge, concurring:

I concur that Mr. Flemming is not a prevailing party under EAJA. I write separately to express my view that in *Brewer v. West,* 11 Vet.App. 228 (1998), the Court held that the rule of retroactive application requires that new caselaw be applied ret-

roactively *by the Court* to all matters pending before the Court. In *Hodge v. West,* 155 F.3d 1356 (Fed.Cir.1998), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) overruled the criteria for determining the materiality of newly presented evidence. This Federal Circuit opinion required remanding for readjudication those cases involving the issue of the materiality of new evidence under 38 C.F.R. § 3.156(a). Applying the same retroactive application rule of *Brewer,* Mr. Flemming's claim was remanded to the Board by this Court after the Court noted that "since *Hodge,* this Court has remanded many cases in order for the BVA to apply that regulation as to claims to reopen." *Flemming v. West,* No. 97–2150, 1999 WL 219986, at *1 (Vet.App. Apr.2, 1999).

Further, I agree that no precedential decision of this Court has addressed the effect, if any, of a remand for retroactive application of a new judicial interpretation on the question of whether administrative error has occurred with respect to EAJA prevailing-party status. However, a close analogy can be found in *Hewitt v. Helms,* 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). In *Hewitt,* the Supreme Court held that a plaintiff was not a prevailing party simply by virtue of an appellate court's favorable statement of law, because the statement afforded plaintiff no relief on the merits on that claim and was "not the stuff of which legal victories are made." *Id.* at 760, 107 S.Ct. 2672. Here, Mr. Flemming did not receive the benefit sought in bringing the litigation, i.e., the award of a benefit, the recognition by the Court of an administrative error, or a concession by the Secretary of administrative error. Rather, he is the beneficiary of the retroactive application of a favorable statement of law that under these circumstances would not constitute administrative

error. *See Sachs v. Principi,* 15 Vet.App. 414 (2002).

STEINBERG, Judge, concurring in part and dissenting in part:

I concur in the Court's disposition of this case but not in its rationale, which I believe is not consistent with binding Court precedent. My reasons follow.

## I. Background

On April 2, 1999, the Court, in a single-judge order, vacated a July 29, 1997, Board of Veterans' Appeals (Board or BVA) decision and remanded the appellant's claim for reopening of a previously and finally disallowed claim for Department of Veterans Affairs (VA) service connection for spontaneous pnuemothraces. Prior to that order, the appellant had proposed in his October 8, 1998, brief (Brief (Br.) at 7), and the Secretary had agreed in his November 13, 1998, brief (Secretary's Br. at 6–7), that a remand for this purpose was required as a result of the issuance of *Hodge v. West,* 155 F.3d 1356 (Fed.Cir.1998). In its April 2, 1999, order, the Court cited as the basis for the remand the need "for the Board to apply ... 38 C.F.R. § 3.156(a)" in the first instance pursuant to the opinion of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Hodge, supra.* The *Hodge* opinion was issued on September 16, 1998, after the July 1997 Board decision on appeal in the instant case, and overruled the caselaw (principally, *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991)) that had been applied by the Board in its decision on appeal.

The appellant then filed, through counsel, the application, now pending before the Court, for an award of reasonable attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). The EAJA application satisfies all EAJA jurisdictional and con-

tent requirements. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 273 F.3d 1087, 1091–92 (Fed.Cir.2001). On October 5, 2001, the Court stayed this matter pending the outcome of *Vaughn v. Principi*, which was decided on November 9, 2001, *Vaughn*, 15 Vet.App. 277 (2001) (per curiam order), *appeal docketed*, No. 02–7019 (Fed.Cir. Nov. 29, 2001), or further order of the Court. For the reasons that follow and not for those in the Court's opinion, I voted to deny the appellant's EAJA application.

## II. Analysis

### A. Prevailing Party

In order to receive an EAJA award, an EAJA applicant must be a prevailing party. *See* 28 U.S.C. § 2412(d)(1)(A) ("court shall award to a prevailing party ... fees and other expenses"); *Sumner v. Principi*, 15 Vet.App. 256, 260–61 (2001) (en banc). In the *Sumner* case, this Court recently held, in a unanimous en banc opinion, that in order to attain prevailing-party status under the EAJA, there must either be a direction by the Court for VA to award VA benefits or there must be a remand by this Court that is "predicated upon administrative error". *Sumner*, 15 Vet.App. at 265. Such a remand can be predicated on administrative error if "in his motion ... [,] the Secretary acknowledge[s] error", or if, "in remanding the matter", the Court "recognize[s] administrative error". *Ibid.* *Sumner* went on to hold that prevailing-party status had not been achieved there because there was no merits disposition (let alone a direction to award benefits)

and, as to the remand ordered, it was not predicated on administrative error because, as we recently explained in *Cycholl v. Principi*, "neither one of the criteria for finding such a remand [was] met—that is, 'nowhere in his motion did the Secretary acknowledge error, and because, alternatively, in remanding the matter the Court did not recognize administrative error.' " *Cycholl*, 15 Vet.App. 355, 357 (2001) (quoting *Sumner*, 15 Vet.App. at 264).

In the instant case, as the majority correctly concludes, there is also no question of any Court direction to award benefits. The appellant's claim was remanded because the Board had not applied the correct test for determining under 38 C.F.R. § 3.156(a), as interpreted by *Hodge, supra,* whether new and material evidence had been presented. This Court's April 2, 1999, order recognized, and the Secretary's brief in the underlying merits appeal in this case conceded, that a remand was necessary on these grounds. Although *Hodge* was issued after the date of the Board decision on appeal, its holding had retroactive applicability, because the Federal Circuit did not in any way purport to make its holding prospective only and expressly made its interpretation of the law applicable to the parties in the case before it, *Hodge*, 155 F.3d at 1364 (remanding for this Court to "reconsider whether the evidence submitted by [the appellant] is 'material,' as defined in the regulation"). *See Brewer v. West*, 11 Vet.App. 228, 233–34 (1998) (holding that judicial decisions are generally retroactive).[1] In my view, the

---

1. I note that both the majority opinion (*ante* at 53–54) and Judge Greene's concurring statement (*ante* at 54) contain the same puzzling remark about *Brewer v. West,* 11 Vet. App. 228 (1998), namely that its rule of retroactive application requires that new caselaw "be applied retroactively *by the Court* to all matters pending before the Court". I have been unable to divine what is meant by the

special emphasis in these statements that this retroactive application is to be done *by the Court.* If they mean to imply that the Board was not obligated to apply during the original adjudication caselaw made thereafter, then these statements are tautological. The Board could, of course, not be obligated to apply caselaw that was not in existence during the adjudication of the case. However, as I ex-

Federal Circuit's opinion in *Hodge* retrospectively rendered erroneous the Board's failure, in reliance on *Colvin, supra,* to apply § 3.156(a) in this case, and the Secretary's concession of a remand in his underlying brief and the Court's April 2, 1999, remand order must thus be recognized as being "predicated upon administrative error" within the meaning of *Sumner, supra.* Therefore, the appellant is a prevailing party.

This result flows directly from our opinion in *Stillwell v. Brown,* 6 Vet.App. 291 (1994), as reexamined and explained in our unanimous en banc *Sumner* opinion. *Stillwell* involved a Board decision that had been vacated because of a subsequent (17 months later) caselaw change by this Court in *Gregory v. Brown,* 5 Vet.App. 108 (1993), invalidating a VA regulation. In *Sumner,* the Court addressed *Stillwell* as follows:

> The Court's seminal decision on prevailing-party status is *Stillwell, supra.* In the appeal underlying *Stillwell,* this Court granted the parties' joint motion for remand pursuant to *Gregory* [, *supra* ] (remand ordered **for Board to correct error** made in applying regulation, subsequently found to be unlawful, regarding surviving-spouse status; Court also ordered BVA to make specific factual findings in course of readjudication). In rendering a decision on the appellant's EAJA application in *Stillwell,* the Court, relying upon [*Shalala v.*] *Schaefer,* [509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) ], held that the appellant was a prevailing party because **she had obtained just such a remand, i.e., a remand predicated upon the BVA's application of an invalid regu-**
> **lation, even though the Court had not yet declared (in Gregory, supra) that invalidity at the time that the Board had rendered its decision on her claim.** *Stillwell,* 6 Vet.App. at 300–01. The Court further held, however, that the Secretary was substantially justified because **his misinterpretation of the regulation at issue was "no more than a reasonable mistake"** and thus denied the appellant's EAJA application. *Id.* at 301–03. In the course of reaching its decision in *Stillwell,* the Court stated that *Schaefer* directed that "a remand alone" conferred prevailing-party status upon an appellant because a remand represented " 'succe[ss] on any significant issue in litigation which achieve[d] some of the benefit ... sought in bringing suit.' " *Stillwell,* 6 Vet.App. at 299–300 (quoting *Schaefer,* 509 U.S. at 302, 113 S.Ct. 2625, 125 L.Ed.2d 239).

*Sumner,* 15 Vet.App. at 262 (emphasis added).

The Court notes in particular that the **remands in both Schaefer and Stillwell were predicated upon administrative error.** Although the Court recognizes the breadth of the language in *Stillwell, supra,* which, in and of itself, could be read to mean that prevailing-party status is achieved any time that this Court remands an appellant's underlying appeal, that language must be read in the context of why the remands were ordered in both Schaefer and Stillwell.

. . . .

*Lematta* [*v. Brown,* 8 Vet.App. 504 (1996) ] also must be construed in the

---

plain more fully in the body of this opinion, the fact that the Board was not obligated to follow caselaw not yet in existence does not mean that the Board did not commit error when it failed to apply VA's own regulation properly. On the other hand, if the emphasized words mean that the Board is not obliged to apply caselaw changes to matters pending before it, then that statement is merely wrong.

context in which it occurred. In the appeal underlying *Lematta,* the Court, unlike the district court in *Schaefer* and this Court in *Stillwell,* did not order a remand **predicated upon error in the administrative adjudication process.**

*Sumner,* 15 Vet.App. at 263 (emphasis added).

Thus, a remand does not constitute "some relief on the merits" unless that remand is **predicated upon administrative error.** *Buckhannon,* 121 S.Ct. at 1840. **Stillwell,** *Lematta,* and *Swiney* [*v. Gober,* 14 Vet.App. 65 (2000)], all *supra,* **comport with this construct.**

*Sumner,* 15 Vet.App. at 264 (emphasis added).

The foregoing quoted passages make manifest that the en banc Court in *Sumner* established that the *Stillwell* remand was one predicated on administrative error within the meaning of the *Sumner* test (the *Stillwell* merits remand was for readjudication under the regulation as invalidated in *Gregory* and did not direct the award of any benefit; hence, the first prong of the *Sumner* prevailing-party test, as quoted above, clearly was not applicable).[2] Because *Stillwell* involved exactly the same retrospective-application-of-caselaw principle (applying our opinion in *Gregory* ) as that involved in the instant case (applying the Federal Circuit's opinion in *Hodge* ), I believe that we are bound by our precedents to hold that the appellant in this case is a prevailing party. *But cf. Sachs v. Principi,* 15 Vet.App. 414, 415–16 (2002) (purporting to decide that appellant was not prevailing party where appellant's claim was remanded due to intervening change in law (in *Schroeder v. West,* 212 F.3d 1265 (Fed.Cir.2000)), but

not discussing *Stillwell,* either as described in *Sumner,* or in any other way).

The majority attempts valiantly but unsuccessfully to demonstrate that *Stillwell* and *Sumner* do not do what the above quotations clearly show that they do. First, the majority mistakenly states: "Except for a single conclusory sentence, there is no discussion in *Sumner* describing what the administrative error was in *Stillwell.*" *Ante* at 54. Although the majority does not specify which sentence it is branding "conclusory", the full Court in *Sumner* made its position completely clear regarding the import of *Stillwell,* by explaining unambiguously and explicitly, as shown in the above quotations, that the Board had erred in *Stillwell* by misinterpreting the regulation in question, as *Gregory* held subsequent to the Board decision in *Stillwell.* The majority opinion then proceeds to raise two matters that were involved in *Stillwell* but are not relevant to the instant question whether the Board committed error in misapplying a VA regulation: *Stillwell's* discussion of the catalyst theory and the procedural question of the premature filing of the EAJA application in *Stillwell.* *Ante* at 53–55. Neither of these matters bears on whether the Court in *Stillwell* and *Sumner* held that a remand based on a prior caselaw change established prevailing-party status. Nor does the majority explain how these matters are relevant to the question before us on the prevailing-party issue (regarding the timeliness of the filing of the EAJA application, for example, the application of the appellant in *Stillwell* was accepted for filing by the Court).

Finally, Judge Greene's concurring opinion cites *Hewitt v. Helms,* 482 U.S. 755,

---

**2.** It appears that the Supreme Court considered the district court's remand in *Schaefer* as one premised on the conclusion that "the Secretary has committed legal error". *Shala-* *la v. Schaefer,* 509 U.S. 292, 310, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (Stevens, J., concurring).

107 S.Ct. 2672, 96 L.Ed.2d 654 (1987), for a proposition, apparently, that prevailing-party status requires "relief on the merits" (*ante* at 55). On its face, such a proposition is unexceptionable. The question, of course, is what is "relief on the merits" or "some relief" or "some relief on the merits", as the concept is variously stated in the recent Supreme Court opinion in *Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Human Serv.*, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (quoting *Hewitt*, 482 U.S. at 760, 107 S.Ct. 2672, and *Hanrahan v. Hampton*, 446 U.S. 754, 757, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam)). In *Sumner*, this Court exhaustively discussed *Buckhannon* and other relevant Supreme Court cases, including *Hewitt*, and concluded that the state of the law was as set forth above regarding administrative error. *Sumner*, 15 Vet.App. at 261, 264. Hence, the bottom line is still whether a tribunal errs when it interprets a regulation incorrectly even though a court has not yet declared the incorrect interpretation to be mistaken at the time the interpretation was made. Apart from an ipse dixit position that a remand to the Board because of a retrospective application of new caselaw is not a remand predicated on error, neither *Sachs* nor the majority here (nor Judge Greene's concurring opinion) has produced any persuasive *analysis.*

If the Court wishes to change its precedents, it should do so forthrightly by issuing an en banc opinion that disavows *Stillwell* and *Sumner* regarding prevailing-party status' being acquired based on caselaw change. In that regard, the Court needs to address whether an appellant in the *lead case,* the one in which the caselaw change is made, here the *Hodge* case, would be considered a prevailing party. I do not understand the majority's analysis to be addressing that question directly, but I do not see how an appellant who achieves the invalidation of a VA regulation in the lead case, as in *Gregory* underlying *Stillwell,* or achieves an overruling of precedential caselaw in the lead case, as in *Hodge* underlying the instant case, could be considered *not* to have prevailed in that civil action. If that is *not* so, I would like to be shown the analysis supporting such a conclusion. If the appellant in the lead case has achieved prevailing-party status, by virtue of the Board's mistake in applying or not applying a regulation, for example, then what is the basis for holding, as here and in *Sachs,* that a subsequent appellant in a case who obtains the same relief as the lead-case appellant has not similarly prevailed in the civil action?

### B. Substantial Justification

#### 1. Administrative Stage

A determination that a party has "prevailed" because the Board had relied on since-overruled caselaw might appear to produce a somewhat curious result, but the determination of eligibility for fees under the EAJA does not necessarily end at that point. Rather, under the EAJA, the Secretary has affirmative defenses to an award, one of which is to demonstrate that his position at both the administrative (BVA) and litigation (Court) stages was "substantially justified". *See* 28 U.S.C. § 2412(d)(1)(A) ("court shall award to a *prevailing party* ... fees and other expenses ... unless the court finds that the position of the United States was *substantially justified* ..." (emphasis added)), (d)(1)(B); *Cullens v. Gober,* 14 Vet.App. 234, 237–38 (2001) (en banc); *Lematta,* 8 Vet.App. at 506–07; *Doria v. Brown,* 8 Vet.App. 157, 161 (1995). (The Secretary's other affirmative defense is to convince the Court to determine "that 'special circumstances make an award unjust.'" *Id.* at 162.) In his June 29, 1999, response and

his September 14, 2000, supplemental response, the Secretary presented such an affirmative defense of his position at both stages. Response at 4–6; Supplemental Response at 3–4.

Once an appellant has alleged a lack of substantial justification, the burden shifts to the Secretary to prove that VA was substantially justified in its administrative and litigation positions. *Cullens*, 14 Vet. App. at 237; *see also Locher v. Brown*, 9 Vet.App. 535, 537 (1996); *Stillwell*, 6 Vet. App. at 302 (holding that substantial-justification query is one of reasonableness "in law and fact"). This Court has previously held, in the context of determining whether the Secretary's position in the underlying appeal was substantially justified, that the Board's pre-*Hodge* reliance on *Colvin* was reasonable. *Wisner v. West*, 12 Vet. App. 330, 333–34 (1999), *affirmed sub nom. Abbs v. Principi*, 237 F.3d 1342 (Fed.Cir. 2001); *Clemmons v. West*, 12 Vet.App. 245, 246–47 (1999). Accordingly, the Court should hold that the Secretary has demonstrated that his position in following *Colvin* in this case was substantially justified at the administrative stage. *See Cullens, Wisner, Clemmons, Lematta* and *Stillwell*, all *supra*.

The appellant raises a further argument that the position of the Secretary at the administrative stage was not substantially justified. *See* Application at 4; Br. at 3–6 (alleging that Board had erred by applying *Reonal v. Brown*, 5 Vet.App. 458, 460–61 (1993), to facts in this case as basis for denying appellant's claim to reopen). Consideration of the appellant's argument on this ground would, however, place the Court in the seemingly anomalous position of examining the reasonableness of a position of the Secretary as to which no error had been found by the Court or confessed by the Secretary in the merits litigation.

In 28 U.S.C. § 2412(d)(1)(B), the EAJA provides the following regarding the term "substantially justified":

Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

As to the appellant's contention that a lack of substantial justification need not relate to the Secretary's position that was found to be erroneous at the prevailing-party stage of the analysis, it can be argued that the section 2412(d)(1)(B) language directing that substantial justification "be determined on the basis of the record ... with respect to the action or failure to act by the agency upon which the civil action is based" may even suggest that *any basis* argued by the appellant for bringing the civil action forms part of "the record ... made in the civil action" that is to be considered in determining whether the Secretary has demonstrated that his position is substantially justified. Such an approach would seem to follow from Judge Farley's persuasive arguments in his concurring opinion in *Cullens*, 14 Vet.App. at 247–48 (Farley, J., concurring) ("[a]lthough such joint motions and remand orders certainly can provide guidance to the Court in making 'substantial justification' determinations, there is simply no support for the proposition that the analysis *must* end there"). On the other hand, in his equally persuasive concurring opinion in *Cullens*, Chief Judge Kramer stated:

In sum, I believe that both Supreme Court and Federal Circuit precedents support our existing Court precedent that, where at the merits stage the Court has considered the parties' argu-

ments and issued an order or decision remanding the matter, it is the Court's remand order or decision and any joint motions underlying that order or decision (as well as any concessions of error made in the parties' pleadings) that properly should be the focal point of any substantial-justification determination and that any additional allegations of error should not be considered by the Court in determining whether the Secretary's administrative position was substantially justified.

*Cullens,* 14 Vet.App. at 250 (Kramer, C.J., concurring).

In any event, these competing positions predated this Court's unanimous opinion in *Sumner,* and its holding that in order to obtain prevailing-party status under the EAJA by virtue of a Court remand, that remand must have been predicated on administrative error. In view of this altered legal landscape, I believe that Chief Judge Kramer's position is the stronger as to this question, and would therefore hold that the issue that is to be examined for a lack of substantial justification must be one with respect to which the Secretary's position was recognized by the Court, or acknowledged by the Secretary, to be erroneous at the prevailing-party stage of the EAJA litigation. To hold otherwise would be to create a fractured judicial review, wherein prevailing-party analysis and substantial-justification analysis could be conducted in isolation from one another, connected only at the penultimate stage of the adjudication. Hence, the approach I suggest that we adopt today would not only avoid the fractured judicial analysis called for by the appellant's position on this issue but would also eliminate the possibility of the further anomaly that at the EAJA stage the Court could be re-reviewing the merits of the case long after the Court had remanded the case to the Board, and perhaps even after some adjudication on re-mand had already taken place, and that such a secondary judicial merits determination of error would be without binding effect in the merits adjudication at the administrative (VA) level. *See Mahl v. Principi,* 15 Vet.App. 37, 42–43 (2001) (Steinberg, J., dissenting).

Therefore, because the appellant's other arguments about whether the position of the Secretary was substantially justified at the administrative stage do not relate to the Secretary's position that I would hold, *see* part I., above, as to prevailing-party status to have resulted in a remand predicated on administrative error in the merits litigation, I would hold that these arguments should not be considered by the Court in assessing whether the Secretary's position was substantially justified.

## 2. *Litigation Stage*

As to the Secretary's position at the litigation stage, the Secretary conceded a *Hodge* remand within less than two months after *Hodge* was decided and within less than five weeks after the appellant proposed such a remand. The Secretary could be found to have been unjustified in his litigation position only if he had engaged in "foot dragging" in making his concession. *Pierre v. West,* 12 Vet.App. 92, 97 (1998); *see Bowyer v. Brown,* 7 Vet.App. 549, 552 (1995). He clearly did not do that here. Hence, I would hold that the Secretary has demonstrated that his position at the litigation stage in promptly conceding a *Hodge* remand was also substantially justified. *See Cullens, Wisner, Clemmons, Pierre, Lematta, Bowyer,* and *Stillwell,* all *supra.*

## III. Conclusion

Accordingly, I concur in the judgment of the Court denying the appellant's EAJA application, but do so because the Secretary has successfully carried his burden of showing that his position at both the ad-

ministrative and litigation stages was substantially justified. However, I dissent from the Court's holding, contrary to applicable precedent, that the appellant did not achieve prevailing-party status under the EAJA.