# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1472 (E)

Elie Halpern, Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

Before FARLEY, IVERS, and STEINBERG, *Judges.*

## O R D E R

Before the Court is the appellant's application for payment of attorney fees and expenses in the amount of $4,637.02 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). The appellant submitted his EAJA application on October 16, 2000, after the Court, in a September 26, 2000, order, vacated a June 30, 1999, decision of the Board of Veterans' Appeals (Board or BVA). Based on the Board's review of the appellant's attorney fee agreement, the Board, in a June 1999 decision, found that the attorney was not eligible for direct payment of attorney fees from past-due benefits. The appellant and Secretary filed briefs before the Court in February and July 2000 respectively, and on September 14, 2000, the appellant filed an unopposed motion to vacate and set aside the Board decision for lack of jurisdiction pursuant to *Scates v. Gober*, 14 Vet.App. 62 (2000) (en banc) (per curiam). The Court's order of September 26, 2000, vacated the Board's decision and remanded the matter to the Board based on the appellant's unopposed September 14, 2000, motion.

On February 8, 2002, the Court determined that it lacked jurisdiction over the appellant's application for attorney fees pursuant to the EAJA. *Halpern v. Principi*, 15 Vet.App. 416 (2002) (per curiam order). On December 12, 2002, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that this Court erred when it determined that it lacked jurisdiction over the appellant's application for attorney fees pursuant to the EAJA. *Halpern v. Principi*, 313 F.3d 1364 (Fed. Cir. 2002). The Federal Circuit then reversed the Court's decision, and remanded the matter for further proceedings consistent with its opinion. *Id.*

The Court notes that the appellant submitted his original EAJA application on October 16, 2000. The Secretary submitted a response to the appellant's application on January 9, 2001. The appellant submitted a reply to the Secretary's response on January 17, 2001. On May 29, 2001, the U.S. Supreme Court decision, *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), significantly changed prevailing-party jurisprudence. During the more than two years since the parties submitted their original EAJA pleadings, significant changes have occurred in this Court's EAJA caselaw as well. *See e.g. Sumner*

*v. Principi*, 15 Vet.App. 256 (2001) (en banc); *Flemming v. Principi*, 16 Vet.App. 52 (2002); *Sachs v. Principi*, 15 Vet.App. 414 (2002). On March 10, 2003, the Court ordered both parties to submit supplemental memoranda addressing the changes in the Court's EAJA caselaw since the submission of the original EAJA pleadings and the impact of those changes upon the outcome in this case.

"The Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F)." *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc). The appellant's EAJA application was filed within the 30-day EAJA application period set forth in 28 U.S.C. § 2412(d)(1)(B) and satisfies the EAJA jurisdictional content requirements because the application contains the following: (1) A showing that, by virtue of the Court's remand, the appellant is a prevailing party within the meaning of the EAJA; (2) a showing that he is a party eligible for an award under the EAJA because his net worth does not exceed $2,000,000; (3) an allegation that the position of the Secretary was not substantially justified; and (4) an itemized fee statement. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Thayer v. Principi*, 15 Vet.App. 204, 207 (2001).

As noted above, in order to be eligible for fees pursuant to the EAJA an applicant must show that he is a "prevailing party." 28 U.S.C. § 2412(d)(1)(A); *see Cullens*, *supra*. Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any Court having jurisdiction of that action . . . ." 28 U.S.C. § 2412(d)(1)(A). Prevailing-party status requires either "the ultimate receipt of a benefit that was sought in bringing the litigation, i.e., the award of a benefit, or at a minimum, a court remand predicated upon administrative error." *Sumner*, 15 Vet.App. at 264. In *Sumner*, the Court concluded that "a remand does not constitute 'some relief on the merits' unless that remand is predicated on administrative error." *Id.* The Court's decision in *Sumner* expressly relied upon the holding and rationale of the Supreme Court in *Buckhannon, supra*.

The appellant argues in his supplemental memorandum that he is a prevailing party. Appellant's Supplemental Memorandum (Suppl. Mem.) at 1. He also contends that "[i]n both pleadings, the Secretary conceded that the Appellant was a prevailing party and argued only that the Secretary was substantially justified." *Id.* at 2. The appellant further asserts that "[a] concession of prevailing-party status is binding on the Secretary and cannot be re-litigated at this point." *Id.* The appellant relies upon *Flemming, supra,* to support his contention that a concession of prevailing-party status is binding and may not be changed by the Secretary. *Id.* The Secretary does not address the appellant's argument regarding being bound by an earlier concession of prevailing-party status in his supplemental memorandum because the Court requested supplemental memoranda from both parties simultaneously with no opportunity to respond to the other sides arguments. The Secretary contends in his supplemental memorandum that the appellant is not a prevailing party under current caselaw. The Court does not agree with the appellant's characterization of *Flemming* as binding the Secretary to his previous concession of prevailing-party status. In *Flemming*, the Court does not address the issue of whether the Secretary is bound by his concession of prevailing-party status. In *Flemming*, the entire discussion regarding the Secretary's concession of prevailing-party status is as follows:

2

Upon closer examination, it is clear that the Court's recognition of the appellant in *Stillwell* [*v. Brown*, 6 Vet.App. 291 (1994),] as a prevailing party was based on the Secretary's concession to that status, and on the apparent rule drawn from [*Shalala v.*]*Schaefer*[, 509 U.S. 292 (1993)], that a party prevailed by virtue of receiving a remand.

*Flemming,* 16 Vet.App. at 54. That observation was made in the context of the Court's discussion of the factual circumstances present in the pre-*Buckhannon* case of *Stillwell*, and the effect of *Sumner, supra*, on prevailing-party status.

The Secretary in his January 9, 2001, response to the appellant's EAJA application did not address whether the appellant was a prevailing party, but rather, began his response with a substantial-justification argument. Even though the Secretary conceded prevailing-party status in his original response, the Court ordered supplemental briefing from the parties. The Court holds that the Secretary's concession as to prevailing-party status is not binding. *See Swiney v. Gober*, 14 Vet.App. 65, 68 (2000). Clearly, when the Secretary conceded prevailing-party status in January 2001, he recognized that it was futile to dispute prevailing-party status under then current law. However, as the Court noted when it ordered supplemental briefing in this case, the legal landscape regarding prevailing party status has changed substantially in the aftermath of *Buckhannon, supra.*

On September 26, 2000, the Court, by order of the Clerk of the Court, granted the appellant's unopposed motion to vacate and set aside the Board decision for lack of jurisdiction pursuant to *Scates, supra,* and remanded the matter. The sole basis for the remand was due to the change in caselaw in *Scates,* which was issued during the pendency of the appeal. In *Sachs*, the Court held that "a remand on the merits that is based on the rule of retroactive application is not a remand predicated upon administrative error for purposes of EAJA. . . . Therefore, for purposes of EAJA fees and expenses, the appellant is not a prevailing party as a result of the Court's decision [on the merits.]" *Sachs,* 15 Vet.App. at 416; *see also Flemming*, 16 Vet.App. at 54 ("[A]n appellant receiving a remand under the rule of retroactive application, that is, an appellant who receives a remand solely because of a change in caselaw during the pendency of his or her appeal, is not an EAJA prevailing party."). The Court holds that the appellant is not a prevailing party, and therefore, his EAJA application must be denied. *See Sachs* and *Flemming, supra.*

Upon consideration of the foregoing, it is

ORDERED that the appellant's EAJA application is DENIED.

DATED:      August 15, 2003                    PER CURIAM.

STEINBERG, *Judge*, concurring: I agree with the Court's order that under the precedential opinions in *Flemming v. Principi*, 16 Vet.App. 52 (2002), and *Sachs v. Principi*, 15 Vet.App. 414 (2002), the appellant was not a prevailing party. However, for the reasons set forth

in my separate opinion in *Flemming*, *supra*, it is my view that under the rule of retroactive application of judicial decisions (here our opinion in *Scates v. Gober*, 14 Vet.App. 62 (2000)) the appellant should be held to be a prevailing party under the EAJA. *Flemming*, 16 Vet.App. at 55-59 (Steinberg, J., concurring in part and dissenting in part). The U.S. Court of Appeals for the Ninth Circuit recently addressed the retroactive effect of judicial interpretation of a statute, and held:

> Moreover, the Supreme Court's interpretation of 25 U.S.C. § 357 in *Minnesota* [*v. United States*, 305 U.S. 382 (1939),] cannot be considered a "change" of operative law. The theory of a judicial interpretation of a statute is that the interpretation gives the meaning of the statute from its inception, and does not merely give an interpretation to be used from the date of the decision. *Rivers v. Roadway Express*, 511 U.S. 298 [] (1994). As was explained by the Supreme Court in *Rivers*, "[A] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." 511 U.S. at 312-[]13.

*United States v. City of Takoma*, 332 F.3d 574, 580-81 (9th Cir. 2003).

As I concluded in my separate opinion in *Flemming*, 16 Vet.App. at 59-62, and as I also concluded in my separate opinion when this case was before us prior to reversal by the Federal Circuit on jurisdictional grounds, *Halpern v. Principi*, 15 Vet.App. 416, 420 (2002) (Steinberg, J., concurring in the denial of relief)[*], *rev'd*, 313 F.3d 1364 (Fed. Cir. 2002), I would deny the EAJA application here on the ground that the Secretary has demonstrated that his position at both the administrative and litigation stages was substantially justified under 28 U.S.C. § 2412(d)(1)(A). *See Cullens v. Principi*, 14 Vet.App. 234, 237-38 (2001) (en banc); *Lematta v. Brown*, 8 Vet.App. 504, 507 (1996).

---

[*] When this EAJA application was before the Court initially, I dissented from its dismissal. *Halpern*, 15 Vet.App. at 419.