STEINBERG, Judge,
concurring:
I agree with the Court’s order that under the precedential opinions in Flemming v. Principi, 16 Vet.App. 52 (2002), and Sachs v. Principi, 15 Vet.App. 414 (2002), the appellant was not a prevailing party. However, for the reasons set forth in my separate opinion in Flemming, supra, it is my view that under the rule of retroactive application of judicial decisions (here our opinion in Scates v. Gober, 14 Vet.App. 62 (2000)) the appellant should be held to be a prevailing party under the EAJA. Flemming, 16 Vet.App. at 55-59 (Steinberg, J., concurring in part and dissenting in part). The U.S. Court of Appeals for the Ninth Circuit recently addressed the retroactive effect of judicial interpretation of a statute, and held:
Moreover, the Supreme Court’s interpretation of 25 U.S.C. § 357 in Minnesota [v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939),] cannot be considered a “change” of operative law. The theory of a judicial interpretation of a statute is that the interpretation gives the meaning of the statute from its inception, and does not merely give an interpretation to be used from the date of the decision. Rivers v. Roadway Express, 511 U.S. 298[, 114 S.Ct. 1510, 128 L.Ed.2d 274] (1994). As was explained by the Supreme Court in Rivers, “[A] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction.” 511 U.S. at 312- [ ]13[, 114 S.Ct. 1239].
*229 United States v. City of Tacoma, 332 F.3d 574, 580-81 (9th Cir.2003).
As I concluded in my separate opinion in Flemming, 16 Vet.App. at 59-62, and as I also concluded in my separate opinion when this case was before us prior to reversal by the Federal Circuit on jurisdictional grounds, Halpern v. Principi, 15 Vet.App. 416, 420 (2002) (Steinberg, J., concurring in the denial of relief) *, rev’d, 313 F.3d 1364 (Fed.Cir.2002), I would deny the EAJA application here on the ground that the Secretary has demonstrated that his position at both the administrative and litigation stages was substantially justified under 28 U.S.C. § 2412(d)(1)(A). See Cullens v. Gober, 14 Vet.App. 234, 237-38 (2001) (en banc); Lematta v. Brown, 8 Vet.App. 504, 507 (1996).

 When this EAJA application was before the Court initially, I dissented from its dismissal. Halpern, 15 Vet.App. at 419.