STEINBERG, Judge,
concurring:
I find much to agree with in the perceptive separate statements of Judges Kasold and Hagel. As to the denial of the application for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), I believe that Judge Hagel’s analysis is generally correct under our existing caselaw. In addition, I believe that it would set a troublesome precedent for the full Court at the EAJA stage, as the appellant’s motion essentially suggests, to rewrite, in essence, a merits decision, including the basis for a vacatur of a Board of Veterans’ Appeals (Board) decision.[1] If we were to go that route, I would be concerned, as I was in Flemming *562 v. Principi, that we would be risking “creat[ing] a fractured judicial review, wherein prevailing-party analysis and substantial-justification analysis could be conducted in isolation from one another”. Flemming, 16 Vet.App. 52, 61 (2002) (Steinberg, J., concurring in part and dissenting in part). We would also be risking
the further anomaly that at the EAJA stage the Court could be re-reviewing the merits of the case long after the Court had remanded the case to the Board, and perhaps even after some adjudication on remand had already taken place, and that such a secondary judicial merits determination of error would be without binding effect in the merits adjudication at the administrative [(Department of Veterans Affairs (VA))] level.

Ibid.

At the same time, I believe that Judge Kasold has raised an important issue regarding the apparent inconsistent disposition of cases'with similar facts; on the one hand, under 38 U.S.C. § 7104(a), the Court has vacated a Board decision and remanded a matter based on a determination of Board error in failing to consider “a VA regulation ... made potentially applicable through the assertions and issues raised in the record”, Schafrath v. Derwinski, 1 Vet.App. 589, 593 (1991), and, on the other hand, under Maggitt v. West, 202 F.3d 1370, 1377 (Fed.Cir.2000), the Court has vacated a Board decision and remanded a virtually identical matter without any Court determination of Board error. Compare, e.g., Wanner v. Principi, 17 Vet. App. 4, 13 (2003) (holding that Board’s failure to discuss potential applicability of 38 C.F.R. § 4.25(b) in its determination that tinnitus Diagnostic Code 6260 (in 38 C.F.R. § 4.87) allowed only one 10% rating (and thus precluded rating higher than 10%) constituted reasons-or-bases error pursuant to section 7104(a), (d)(1)), with, e.g., Gibson v. Principi, No. 00-2155, 2002 WL 337542 (Vet.App. Feb.13, 2002) (remanding under Maggitt, supra, for Board to address in first instance essentially same issue that precipitated finding of Board error in Wanner, supra — that is, whether appellant is entitled to 10% rating for each ear).[2] I believe that a reexamination of the propriety of the apparent disparate treatment is in order, including the possibility that that disparity may lead to different outcomes for EAJA applications with substantially similar underlying facts, and that such a reexamination should be done at the full-Court level in an appropriate case.

. See McCormick v. Principi, 16 Vet.App. 407, 411 (2002) (noting that "Court need not, and in fact should not, investigate at the EAJA prevailing-party stage the validity, type, or nature of the administrative error” and that Court should not "revisit at the EAJA stage the logic of the merits decision”) (citing also concurring opinion of Kramer, C.J., in Cullens v. Goher, 14 Vet.App. 234, 248 (2001) (en banc) (Kramer, C.J., concurring), for proposition that Court should not involve itself with extensive relitigation at the EAJA stage); cf. Flemming v. Principi, 16 Vet.App. 52, 61 (2002) (Steinberg, J., concurring in part and dissenting in part) (expressing agreement with concurring opinion of Kramer, C.J., in Cullens, supra, expressing view that at EAJA stage Court should not re-review merits of case and "it is the Court’s remand order or decision and any joint motions underlying that order or decision (as well as any concessions or error made in the parties' pleadings) that properly should be the focal point of any substantial-justification determination”).

. My concern at this point is based on policy and prudential considerations and not on the lack of authority that Judge Kasold finds for a Maggitt-type remand. I am open to further consideration of the proper application of 38 U.S.C. §§ 7104, 7252, and 7261, but would require briefing on the issues involved before reaching a conclusion on them.